The opinion of the Court was afterwards delivered to the following effect by
Parsons, C. J.
The record before us shows that the Common Pleas were of opinion, that the facts offered in evidence by the plaintiff in error were not to be inquired into, as being irrelevant to the is sue on trial; and that the judgment, execution, and satisfaction of the execution by the defendant in error, were conclusive evidence against the plaintiff in error; that the jury were directed agreeably to this opinion, and found a verdict pursuant to the direction.
We are satisfied that this opinion was wrong and erroneous. If it were not so, any man might claim, without any foundation, to have jointly with another a good cause of personal action, and might, without his knowledge *or consent, sue a writ in [*410 J their joint names, and failing because there was no cause of action, charge a man ignorant of the suit with one half the costs.
The judgment may be conclusive as between the plaintiffs and the defendant; but it certainly is not among the plaintiffs, so as to conclude either plaintiff from disclosing the truth, when called upon to contribute to the payment of costs incurred without his knowledge or consent, and especially in a suit in which he claimed no interest.
The original defendant therefore ought to have been admitted to prove, if he could, that he had jointly with the other plaintiffs no cause of action against Cotting; or if he had, that he would not join in suing the action, and that it was sued without his consent. This evidence the defendant in error might have rebutted by proving, if he could, that Wilson was jointly interested, and that he assented to the suit, either expressly, or by a reasonable implication, and the jury would have decided according to the weight of evidence
For, although the assent may not be expressed, it may be reasonably implied from other facts. As in the present case, if ?t should appear that after the writ was sued out, Wilson had knowledge of it, and knew that he was named a ioint plaintiff, that he made no *320 objection, but laid by, that he might not contribute to the expenses of the suit, yet have the benefit of it, if the plaintiffs should prevail ; and afterwards, from favor to the defendant, or for any either cause, should become nonsuit, such conduct in him might be evidence of an assent by him to the action.
If, however, after he had knowledge of the suit, and without any unreasonable delay, he refused to prosecute, and became nonsuit, he very, clearly Would not be obliged to reimburse the other plaintiffs any part of the costs of the nonsuit. [*411 ] *It has been inquired what remedy a man has, who has a good cause of action, where no severance lies, with another who will not consent to prosecute. It is his folly, saith the law, to be concerned with such a man. But as any one of the parties interested in a personal action, may release it, if it was released, the releasor would be accountable to his partners in the contract for the damages they had sustained. And if one of the parties should unreasonably refuse to join in the prosecution of an action, which might well be maintained, perhaps the other parties might have a remedy by a special action of the case. But of this we give no opinion, as the point is not before us.
As we are of opinion, that the direction of the Court below was erroneous, judgment must be reversed, and a new trial be ordered, in which the party may have an opportunity to introduce the evidence that has been rejected. As we have a jury in this Court, it is unnecessary to send the parties to the Common Pleas for another trial Therefore let the new trial be had at the bar of this Court (1).

 Vide Keyes, in error, vs. Stone, ante, p. 391.