### J. KIMBALL AND WIFE *et al. vs.* RUFUS WILSON.

In an action on the case, in the nature of waste, brought by several plaintiffs, the release of the action, by one of the plaintiffs, is a good bar.

A general release, given after the commencement of an action, need not be pleaded *puis darrein continuance,* unless a plea has been before filed in the action. And a release, thus given, need not be pleaded in bar of the further maintenance of the action, but may be pleaded in bar generally.

Where a general release of the cause of an action pending has been given, the presumption is, that the costs have been adjusted by the parties.

THIS was an action on the case, in the nature of waste. The declaration alleged, that the plaintiffs and the defendant were seized of a tract of land in *Chester,* in this county, as tenants in common ; and that, being so seized, the defendant, on the 1st November, 1820, &c., " wrongfully, and un-" justly, and without the consent or license, and against the " will of the plaintiffs, cut down, felled, and prostrated, &c., " seventy trees, owned by the plaintiffs and defendant in com-" mon, as aforesaid, &c. ; each of said trees being of the " value of eight dollars, which same trees were standing and " growing upon said land. and which same trees the defend-" ant, at the several times aforesaid, took and carried away,

" and entirely destroyed, whereby the plaintiffs have been
" and are greatly injured, &c., in their estate and inherit-
" ance in said land." The action was entered here, at Sep-
tember term, 1821, and continued to February term, 1822 ;
when the defendant pleaded, that since the commencement
of the action, to wit, on the 14th February, 1822, *Ira Moore*,
one of the plaintiffs, by deed, &c., in court, &c., did agree
with said *Wilson*, that for and in consideration of the sum
of fifty dollars, paid, &c., he did thereby discharge and re-
lease all actions of trespass, or trespass on the case, or any
and all actions commenced by the plaintiffs in the superior
court of judicature, against said *Wilson* ; wherefore, the de-
fendant prayed judgment, if the plaintiffs their action,
against him, ought to have and maintain.

To this plea the plaintiffs demurred, and assigned for
causes, that the matter of the plea ought to have been
pleaded *puis darrein continuance* ; also, that it ought to have
been pleaded in bar of the further maintenance of the suit,
and not in bar generally.

*Mason* and *Sullivan*, for the plaintiffs, contended, that as
the release was given after the action had been continued, it
should have been pleaded as given *puis darrein continuance*.
They also insisted, that the release ought to have been plead-
ed in bar of the further maintenance of the suit, and not in
bar generally. 1 *Chitty's Pl.* 531, 634.

It was further urged, that the release of one of the plain-
tiffs was no bar to the action.

*S. D. Bell*, for the defendant, contended,

I. That a release, by one tenant in common, is a bar to an
action by him and his co-tenants, (6 *Co. Rep.* 25, *Ruddock's
case.—Shep.'s Touch.* 335.—5 *Bac. Ab.* 699, 702, 703.—3
*John. Rep.* 68, *Pierson vs. Hooker.*—13 ditto 286, *Austin vs.
Hall,*) because they must join. *Litt. s.* 315.—*Co. Litt.* 198.—
3 *Bac. Ab.* 706.—7 *Mass. Rep.* 137, *Daniels vs. Daniels.*

II. A release, pending the action, may be pleaded general-
ly in bar of the action. *Fort. Rep.* 338, *Price vs. Kenrick,
cited with approbation* 5 *Bac. Ab.* 479, & 1 *Com. Dig. Abat.
I,* 24, *p.* 98.—*Rast. Ent.* 503.—13 *John.* 286, *Austin vs. Hall.*
—7 *Mass. Rep.* 76, *Everenden vs. Beaumont.*—4 *East* 502,

Kimball et al.
*vs.*
Wilson.

*Lebret vs. Papillon.*— *System of Pleading* 406, cites 15 *E. IV*— 4 *Bro. tit. Cont.* 31. Analogous to this, are the cases of pleas of outlawry, since the action brought ; 1 *Salk.* 178, *Moor vs. Green.*—5 *Mod* 11, *S. C.* approved by *Comyns' Dig. Abat. I* 24, *p.* 98. Judgment recovered against an administrator ; 4 *East* 502, *Lebret vs. Papillon,* where it is spoken of as the usual course. *Doug.* 110, *Sullivan vs. Montague, Arg. Payment,* 3 *John. Rep.* 229, *Tillotson vs. Preston.*— Award, *Comyn's Rep.* 328, *Thomlinson vs. Arriskin.* Removal from office of an administrator, 5 *Mass. Rep.* 275, *Jewett vs. Jewett.* Distribution under the insolvent act, 15 *Mass. Rep.* 325, *Andrews vs. Gallison.*—*Chitty,* 1 *Plead.* 531, lays down the rule that *actio non* " always alludes to the commencement " of the action, and not to the time of the plea." The authorities he refers to are 3 *D. & E.* 186, *Evans vs. Prosser,* & 5 *East* 502, *Lebret vs. Papillon.* The former was the case of a plea of offset, as to which the rule unquestionably holds. But the court, in deciding that case, do not pretend that the rule extends to any other case ; and the authorities cited distinctly shew that there can be no such general rule. The case of *Lebret vs. Papillon* is founded wholly on the case of *Evans vs. Prosser,* misunderstood, and distinctly misapplied. The class of cases, in which facts, occurring *pendente lite,* are considered admissible in evidence under the general issue, evidently prove that such facts, if pleaded, may be pleaded generally in bar. Such are the cases of accord and satisfaction strongly implied in 7 *John. Rep.* 194, *Jackson vs. Rich.*— *Lawes' Pleading in assumpsit* 666, *per Ld. Kenyon.*—2 *Esp. Rep.* 504, *Story vs. Bloxham ;* Of payment, 2 *Esp.* 504, *per Ld. Kenyon ;* Of foreign attachment, 1 *Salk.* 291, *Savage's* case ; Satisfaction, 3 *Burr.* 1345, *Bird vs. Randall.*—7 *Mass. Rep.* 334, *Baylies vs. Fettyplace.*—10 *ditto* 131, *Poor vs. Robinson ;* Recovery and release, *per Ld. Mansfield,* in *Bird vs. Randall, ubi supra ;* Certificate of seizure, under a revenue act, *Doug.* 106, *Sullivan vs. Mountagu.*

III. A plea of release, pending an action, may be joined with the general issue. 1 *Tidd* 610—1 *Ch. Pl.* 542.—*Com. Dig Plead. G.* 2—13 *John Rep.* 286, *Austin vs Hall* —*Com. Rep.* 328, *Thomlinson vs. Arriskin.*—7 *Mass. Rep.* 76, *Ever-*

enden vs. *Beaumont*, and the analogous cases of *Tillotson vs. Preston*, and *Lebret vs. Papillon, ubi supra.*—3 *Went. Pl.* 137. —3 *Ins. Cler.* 269.

*Kimball et al.*
*vs.*
*Wilson*

IV. The second plea in this case is not a plea *puis darrein continuance*, because such plea can only be entered after a former plea has been pleaded ; it cannot be a waiver of the general issue, because this being pleaded at the same time with the release, is not, in the sense of the books, a former plea. 7 *John. Rep.* 194, *Jackson vs. Rich.*—1 *Ch. Pl.* 634.— 5 *Bac. Ab.* 477, 478, 479.—3 *John. Rep.* 229, *Tillotson vs. Preston.*—*Lawes' Pl. in Assumpsit*, 666, 716.—1 *Com. Dig. Abat. I* 24.—2 *Tidd* 774.—3 *Bla. Com.* 316.

V. It is never necessary to plead in bar of the further maintenance of an action, except in pleas *since the last continuance*. The idea was never suggested in any authority, nor in any elementary writer, until the case of *Lebret vs. Papillon*. In that case, no such question arose, the only question being, whether to a plea of alien enemy, (a war having commenced since the commencement of the suit,) it was sufficient to reply that the plaintiff was an alien *amie* at the time of commencement of the action. The want of further was at most merely form, which was waived by the pleading over. The only authority cited was an *en dit* in *Lutwiche* 1143, *Campion vs. Baker* ; and the precedents referred to in *Rastell's Entries, Appels en mort* 4, *Det en release* 7, are both *pleas puis darrein continuance. Com. Dig. Abat. I* 24, cited as an authority, is contrary most explicitly. *Chitty*, in stating the doctrine, says, " but as mistake in these cases will not vitiate" (1 *Plead.* 539) " a *rule*, the disregard of which is of so little consequence, does not deserve the name."

VI. The court are *ex officio* bound to give such judgment on the whole record, as ought to be given without regard to any imperfection in the prayer of judgment. 4 *East* 502, *Lebret vs. Papillon*, and the cases there cited.—*Plow.* 66, 69, *Dive vs. Manningham.*—8 *Co.* 93, *Francis' case.*— *Winch* 75, *Westlie vs. King.*—1 *D. & E.* 125, *Kirk vs. Nowell.*—2 *Stra.* 1055, *Street vs. Hopkinson.*—*Rep. T. Hard.* 345, S. C. and also 2 *Bos. & Pul.* 420, *Powell vs. Fullerton.*—2 *Sand.* 210, *d. n.* 1.

Kimball et al.
*vs.*
Wilson.

The case of *Austin vs. Hall*, (13 *John.* 286) *quatuor pedibus currit* with this case, and is an authority emphatically in point for the plaintiff. Like this case, it was an action by co-heirs for a trespass to their land ; a release obtained from one co-heir, *pendente lite*, was pleaded generally in bar of the action, and joined with a plea of not guilty ; and judgment was given for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It is contended, that a release by one of these plaintiffs is not a bar to this action ; and we shall dispose of this question in the first place, before we proceed to examine the objections, which have been made to the form of the plea.

It is an old rule of law, that, where several join in a personal action to charge a defendant, the release of one is a bar to all. Thus, if two join in an action of debt, trespass, or the like, the release of one is a good bar to the action. *Shep. Touch.* 335.—6 *Coke* 25, *Ruddock's case.*—*Croke Elizabeth* 648, *S. C.*

But, if divers defendants be charged in an action, and they, for the discharge of themselves, join in an action, in this case the release of one shall not bar the others. *Shep. Touch.* 335.—6 *Coke* 25. Thus, if judgment be rendered against several defendants, and they join in a writ of error to reverse the judgment, a release of errors by one is no bar.— If, however, judgment has been rendered against several plaintiffs, and they join in a writ of error, the release of one is a bar to all. 3 *Mod. Rep.* 134, *Hasket vs. Herne.*—*Bacon's Abr.* "*Release*" G.

In *Austin vs. Hall*, (13 *John.* 286,) it was decided, that where several plaintiffs must join in an action, as in trespass *quare clausum fregit*, a release by one was a bar to the action. And in *Daniels vs. Daniels*, (7 *Mass. Rep.* 135,) it was decided, that tenants in common and joint tenants must join in an action for the destruction of their title deeds.

In waste, brought by two in the *tenuit*, the release of one bars both. 2 *Coke* 68.—*Comyn's Digest* "*Pleader*" 3 *O.* 16. But, when waste is brought in the *tenet* by two, the release of one bars only himself. 2 *Institute* 307. The ground of this distinction is this ; where several join in a per-

sonal action, a release by one bars all ; but if the personalty be mixed with the realty, it is otherwise. *2 Coke* 68. Waste in the *tenuit* lay against one, whose estate in the place, where the waste was, had expired, so that nothing except damages could be recovered. But in waste in the *tenet*, which lay against one, whose estate had not expired, not only damages, but the place wasted, was recovered. *2 Saund.* 234, *note* 1.—*Comyn's Digest* "*Pleader*" 3 O. 22.

It is also a rule of law, that in personal actions the nonsuit of one is the nonsuit of all the plaintiffs ; although the rule is otherwise in real and mixed actions. *Bacon's Ab.* " *Nonsuit*" E.—10 *Mass. Rep.* 179.—5 *ditto* 411.

These principles are easily applied to the case now before us. This is an action on the case, in the nature of waste ; and although it can be maintained only in case an injury has been done to the inheritance, (8 *D. & E.* 145, *Martyn vs. Knowllys*) still it is a personal action, and must be governed by the general rule, that a release by one plaintiff in a personal action bars all.

It is also objected, that the plea in this case wants form, because the release is not pleaded strictly as matter arising *puis darrein continuance*, but only as arising after the commencement of the action. If, after a plea has been filed, new matter of defence arise, it must without doubt be pleaded strictly as arising *puis darrein continuance*. In such a case, it seems by the books, that courts have always held the defendant with much strictness to state the term, from which, and the term, to which, the action was continued, and that the matters arose after the last continuance. The reason why, in England, so much strictness has prevailed, in relation to pleas *puis darrein continuance*, is probably, that it was intended to prevent the filing of them at *nisi prius*, to obtain delay. And we here adopt the same rules with regard to such pleas, with the same object. But, when the matter of such a plea is in the first instance pleaded in bar, before any other plea has been filed, we imagine, that the plea may be in the form, which has been adopted in this case. In such a case, we apprehend, that the reasons, upon which the rules relating to pleas *puis darrein continuance* are founded, do

Kimball et al.
vs.
Wilson.

not exist, and that it is sufficient, if the matter be alleged to have happened after the commencement of the action.

It is further urged, that the matter of the plea in this case ought to have been pleaded in bar of the further maintenance of the action, and not generally in bar. It is a general rule, that when matter of defence arises after the commencement of the action, it shall be pleaded only in bar of the further maintenance of the suit, and the reason of the rule seems to be, that, as the action must be presumed to have been rightfully commenced, such matter can, in its nature, be an answer only to the further prosecution of it. And it seems, that in England, when matter arising after the commencement of the action is used as a defence, the plaintiff is entitled to costs up to the time, when the matter of the bar arose. At least, the remarks of the court and of the counsel in *LeBret vs. Papillon*, (4 *East* 507,) and in *Harris vs. James*, (9 *East* 89,) seem strongly to indicate this.

But when a general release is given, after the commencement of the action, the presumption is, unless the contrary appear, that the costs have been adjusted between the parties ; and we are of opinion, that such a release forms an exception to the general rule, and may be pleaded in bar generally.

And it is the opinion of the court, that, in this case, neither party is entitled to costs. It must be presumed that the costs were adjusted, when the release was made. 1 *Caines'* *Rep.* 66, *Watson vs. Depeyster.*—5 *John.* 268, *Johnson vs. Brannan.*—2 *Caines' Rep.* 380, *Shaw vs. Wilmerden.*—2 *John.* 294, *Merchant's Bank vs. Moore.*—1 *Caines' Rep.* 116 —1 *John.* 142, *Hart vs. Story.*

If *Moore*, who made the release, had been the sole plaintiff, and had endeavoured to prosecute the suit, notwithstanding the release, perhaps the defendant might have been entitled to the costs of resisting such an attempt. But, the release in this instance was by one of several plaintiffs, and may have been made without the knowledge or consent of those, who did not execute it ; and when a release by one of several plaintiffs is taken under such circumstances, we think, that the plaintiffs may put the defendant to plead his release,

without subjecting themselves to costs.    The plea is adjudg- Kimball et al.
ed sufficient, but no costs are allowed to either party. *vs.*
Wilson.