## The PEMIGEWASSET BANK *versus* A. N. BRACKETT.

In assumpsit upon a promissory note, payment of the amount of the note made after the commencement of the suit, cannot be given in evidence upon the general issue, as an answer to the action. But it may, perhaps, be so given in evidence to reduce the damages.

ASSUMPSIT upon a promissory note. The cause was tried here at November term, 1828, upon the general issue, when it was admitted, that the defendant made the note. It was then shown in evidence, on his part, that a suit was commenced by the plaintiffs against one

James Batchelder, on the said note, the same having been made by said Batchelder as principal, and by the defendant and S. A. Pearson, as sureties, and that judgment was rendered in the said suit in favour of the plaintiffs in the court of common pleas for this county, in February, 1827, for $180,51, being the amount then due upon the note ; that an execution issued on said judgment, was delivered to a deputy sheriff in April, 1827, who, on the 28th September, in the same year, received of this defendant the amount of the debt in said execution, and returned the same, satisfied, as to the debt, and not satisfied as to the costs, and afterwards paid over to the cashier of the bank the sum received as aforesaid.   This suit was commenced on the 28th May, 1827.

Upon this evidence, a verdict was taken by consent for the plaintiffs, for the sum of $5,40, being the interest on the note from the time judgment was rendered against Batchelder, till the time when the money received by the deputy sheriff was paid to the cashier, subject to the opinion of the court upon the foregoing case.

*Thompson* and *Bell*, for the plaintiffs.

*J. Parker* and *Pearson*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The question is, whether, upon the pleadings in this case, the matter offered in evidence by the defendant is a legal answer to the action ?

The manner, in which a defendant is to avail himself of any matter of defence, which he may have, depends in some measure upon the time, when such matter of defence arises ; whether before or after the commencement of the suit ; and there are different forms of pleading founded upon this circumstance.   The law makes this distinction on account of the costs of the suit.   It would be unjust, that a plaintiff who had rightfully commenced a suit for a just cause, be barred by matter arising after the commencement of the action, and subjected

to pay all the costs from the beginning. To prevent this injustice, the law compels a defendant to plead matter arising after the commencement of the action in a particular manner, that the court may be enabled to settle the question of costs on just principles.

Where a defendant has a good defence to an action, at its commencement, he may, in general, avail himself of it upon the general issue, and when he cannot thus avail himself of it, he can plead it in bar, and, in either case, if he prevail in the suit, he is entitled to costs.

When any matter of defence arises after the commencement of the action, and before plea pleaded, it may be pleaded in bar of the further maintenance of the suit. If the plaintiff confesses the plea, the action stops, and the defendant is allowed no costs. If the plaintiff elects to proceed and ultimately fails in the suit, the defendant is entitled to his costs arising after the plea was put into the cause. 4 B. & C. 117, *Lyttleton* v. *Cross.*

We have decided, that a general release given after the commencement of the action forms an exception to this rule, and may be pleaded in bar of the action generally. The reason of this is, that when a general release is given, the costs of the suit, up to the time of the release, are presumed to have been adjusted, and cannot be made the subject of any contest in the cause. There is, therefore, no reason why the release should not be pleaded as a general bar. 3 N. H. Rep. 96, *Kimball* v. *Wilson.* But in such a case, the release must be pleaded according to the fact as given after the commencement of the action otherwise it cannot be admitted in evidence.

When any matter of defence arises after-plea pleaded, it must be pleaded *puis darrein continuance* ; and such plea is a waiver of all the former pleadings.

Such being the nature and objects of pleas in bar of the further maintenance of actions, we should suppose, from the nature of the thing, that the matter of such pleas could not be given in evidence under the general

issue as an answer to the action. The general issue, as well as pleas in bar, goes to the commencement of the action. 1 Tidd's Practice, 592 ; 1 Chitty's Pl. 472.

It seems to have been held, in *Bird* v. *Randall*, 3 Burr. 1345, that matter arising after the commencement of the action might be given in evidence on the general issue. And in *Sulivan* v. *Montague*, Douglas, 110, it was said, that *actio non* went to the time of plea pleaded. But it is now settled, in England, that matter of defence arising after the commencement of the action, cannot be pleaded in bar generally, but must be pleaded in bar of the further maintenance of the suit. 1 Chitty's Pl. 644 ; 4 East, 507 ; 3 D. & E. 188 ; Law's Pl. in assumpsit, 636 & 666 ; 2 Esp. N. P. Cases, 504 ; 1 Chitty's Pl. 531–532. In *Storey* v. *Bloxam*, 2 Esp. N. P. C. 504, Lord Kenyon said, it was the practice to give payments made after the commencement of the action in evidence under the general issue. But there is no adjudged case, in which it has ever been held that such a payment can be given in evidence, on the general issue, as an answer to the entire action.

In Massachusetts, it has been decided, that whatever in assumpsit shows a satisfaction to have been received by the plaintiff before trial, may be given in evidence on the general issue. 7 Mass. Rep. 325, *Baylies* v. *Fettyplace.*

And in a writ, of right, a release obtained after the commencement of the action, was held to be evidence upon the general issue. 10 Mass. Rep. 131, *Poor* v. *Robinson.*

But in *Andrews* v. *Hooper*, 13 Mass. Rep. 472, it was decided, that in a real action, a title obtained after the commencement of the action could not be used as a defence in any shape, and the court speak of the decision in the case of *Sulivan* v. *Montague* as not law. It is, therefore, probable, that at this time no matter of defence arising after the commencement of the action, can be given

in evidence on the general issue in Massachusetts, as a defence to the whole action.

In New York, matter of defence arising after the commencement of the suit must be pleaded ; at least, their reports show nothing to the contrary. 1 Cowen, 42, *Palmer* v. *Hutchins* ; 2 Johns. 294, *The Bank* v. *Moore* ; 2 Caine's Rep. 380 ; 3 ditto, 172 ; 3 Johns. 229.

When matter is pleaded *puis darrein continuance*, it is a waiver of all former pleadings. Why is this, if such matter is evidence upon the general issue ? In *Austin* v. *Hall*, 13 Johns. 286, a release obtained after the commencement of the action was pleaded in bar of the action with the general issue. But no question appears to have been raised upon the form of pleading.

It seems to us, that, from the nature of the case, matter arising after the action brought, cannot be given in evidence upon the general issue, as an answer to the action, because it cannot be, in its nature, an answer to the action generally, but only to the further maintenance of the action.

If such matter of defence can be so used, it must, from the nature of the thing, be a good general bar, when specially pleaded ; and the rules which have been established with respect to pleas in bar, of the further maintenance of actions are idle and useless. Indeed, they are worse than useless with respect to the defendant, because they deprive him of his costs, in cases where, by using the general issue, he would be entitled to them. If he use the matter as a defence upon the general issue, and prevail in the suit, he will be entitled to his costs from the beginning. If he plead it in bar of the further maintenance of the suit and prevail, he will be entitled at most to costs from the time of filing his plea.

It will be convenient in practice to hold defendants to plead such matter specially. It will give the plaintiff an opportunity to elect whether he will proceed in the action, and the question of costs may be settled by the re-

<div style="margin-left:auto">Bank<br>
*v.*<br>
Brackett.</div>

cord. We see no reason why partial payments might not be permitted to be given in evidence upon the general issue to reduce the damages, but we are clearly of opinion, that payment cannot be so given in evidence as an answer to the entire action, and that, in this case, there must be            *Judgment on the verdict.*