## JOHN CLARK et a. *versus* ISAAC DINSMORE.

An accord and satisfaction to constitute a legal bar to an action, must be full, perfect, and complete.

Where a party agrees to accept a sum of money in satisfaction of damages he may have sustained, a tender of the sum agreed to be received is without legal effect, and cannot supply the place of an actual satisfaction.

In an action in form, *ex delicto,* if one of several plaintiffs accept a sum of money in satisfaction of his part of the damages, such accord and satisfaction is no answer to the action.

THIS was a writ of error brought to reverse a judgment of the court of common pleas.  The original suit was case against Dinsmore, for erecting a dam across a stream on the 17th April, 1802, and causing the water to overflow the meadow of the plaintiffs, and destroy the grass from that time down to the commencement of this action on the 21st July, 1825.

The defendant pleaded in the court below,

1st, Not guilty.

2d, In bar of the further maintenance of the suit, that on the 10th August, 1825, the said Dinsmore paid to the said John Clark four dollars, which the said John accepted in full satisfaction and discharge of the grievances in the declaration mentioned.

To this the plaintiff replied, that the said Dinsmore did not pay, and that the said John did not accept, said sum of four dollars in full satisfaction of said grievances, and upon this matter issue was joined.

3d, He further pleaded in bar of the further maintenance of the suit, that on the 10th August, 1825, the said Dinsmore paid to the plaintiffs four dollars, which they accepted in full satisfaction and discharge of the grievances in the declaration mentioned.

To this the plaintiffs replied, that the said Dinsmore did not pay, and that the plaintiffs did not accept, the said sum of four dollars in full satisfaction of said grievances, and upon this matter issue was joined.

It appeared from the bill of exceptions which had been filed in the case, that in August, 1825, John Clark resided at Salem, in Massachusetts, and that his two sisters, the other plaintiffs, resided at Londonderry ; and that it was in evidence, that previous to the 10th August, in that year, John Clark had written to Dinsmore " respecting the damage done by flowing land ;" that on the said 10th August, Dinsmore went to Salem and offered the said John twelve dollars in satisfaction of said damage ; that said John said " he should not take but just four dollars, and Dinsmore must carry back to Clark's sisters the remainder of the twelve dollars ;" that said John took four dollars and gave a receipt as follows.

" *Salem, August 10th, 1825.*

Received of Isaac Dinsmore four dollars in full for damage done by flowing on land that I own in common with my sisters Lettice and Elizabeth.

JOHN CLARK."

Clark et a.
*v.*
Dinsmore.

That on the 11th August, 1825, Dinsmore tendered to the said sisters of John Clark eight dollars, which they refused to accept. It did not appear that John Clark knew that an action had been commenced when he received the said four dollars.

The court below instructed the jury, " that if the money was paid for the whole damage the plaintiffs could not recover, and also if they should be of opinion, that it was paid and received for the said John Clark's part of the damage only, the plaintiffs, John, Lettice and Elizaabeth, could not recover," and under these directions the jury returned a verdict for the defendant, upon which judgment was rendered.

*Mason* and *Thom*, for the defendant in error.

*French* and *Sullivan*, for the plaintiffs, contended, that a sum of money received by one of the plaintiffs in satisfaction of his share of the damages, could not be in any shape an answer to the action. But at all events it could not be an answer to the action upon the general issue. The evidence did not support either of the special pleas in this case, and must have been used as an answer to the action under the general issue if used at all. An accord and satisfaction made after the commencement of the suit, cannot be given in evidence upon the general issue. If this be so, it is clear, that the jury were misdirected.

*By the court.* The plaintiffs complain, that in the trial of this cause in the court below, the jury were misdirected in this, that they were told that if they should be of opinion that the sum of four dollars was paid and received as a satisfaction of John Clark's part of the damages only, the plaintiffs could not recover. To this instruction two exceptions are taken.

1st, It is objected, that a sum of money received by one plaintiff, in satisfaction of his share of the damages, could not be in its nature in any shape an answer to the action, and ought not to have been submitted to the jury as such.

2d, It is objected, that even if such matter be an answer to the action, the defendant could not legally avail himself of it upon the pleadings in this case.

The whole merits of the defence, so far as they are now disclosed to us seem to be involved in the question whether the fact, that John Clark received a sum of money in satisfaction of his part of the damages was an answer to the action. For if the receipt given by John Clark had purported to be in full of all damages claimed in the action, this would not have precluded the plaintiffs from showing the true nature of the transaction. 5 East, 230, *Fitch* v. *Sutton* ; 7 Johns. 207, *Rowley* v. *Stoddard* ; 3 B. & C. 421, *Skaife* v. *Jackson*.

But that receipt does not purport to be in full of all the damages claimed in the action. And it is clear, from the defendant's own testimony, that although the accord may have been extended to the whole action, the satisfaction did not extend beyond John's part. The tender of the residue demonstrates this. And it is well settled, that a tender in such a case is without legal effect, and cannot supply the place of an actual satisfaction. 9 Coke, 77, *H. Peytoe's case* ; Cro. Eliz. 305, *Roine* v. *Orton* ; T. Jones, 6, *Shepherd* v. *Lewis* ; 1 Rolle's Ab. 129 ; Com. Dig. "Accord," B, 4 ; T. Jones, 158 and 168.

We should conclude from the very nature of the thing, that a sum paid and received in satisfaction of part of the damages, could not be deemed in law a satisfaction of the whole. If a sum so received can in any way be an answer to the action, it must be as an accord and satisfaction. But it is well settled, that an accord, to constitute a bar, must be full, perfect and complete. 9 Coke, 79, *Peytoe's case* ; 2 H. Bl. 317, *Lynn* v. *Bruce* ; 16 Johns. 86, Cro. Eliz. 304, *Balston* v. *Baxter*. In this case, if there was any accord, it was, that twelve dollars should be paid in satisfaction of all the damages. But only four dollars have been paid. The accord has not been executed.

Clark et a.
*v.*
Dinsmore.

Even if this can be considered as a full, perfect and complete accord, and satisfaction with respect to John Clark's part of the damages, it only goes in abatement of the writ, and not in bar. For it is well settled, that in actions in form, *ex delicto*, a recovery and satisfaction received by one joint owner for his share of the damages is no answer to an action by other joint owners who may still sue for the injury to their undivided shares. 1 Chitty, 53—54 ; 6 D. & E. 766, *Addison* v. *Overend* ; 7 D. & E. 279, *Sedgworth* v. *Overend* ; 5 East, 407, *Bloxam* v. *Hubbard*. And surely an accord and satisfaction can be no better answer to an action than a judgment satisfied.

In a personal action, one of several plaintiffs may release the action and such release is a good bar. 3 N. H. Rep. 96, *Kimball* v. *Wilson*. But no case is to be found in which it has been held that if one of several plaintiffs release his individual interest in an action, that may be used as a bar in any shape.

In personal actions the nonsuit of one, is the nonsuit of all the plaintiffs. 3 N. H. Rep. 101 ; and perhaps in this case an accord and satisfaction extending only to the interest of John Clark might, if it had been properly pleaded have been sufficient to abate the writ.

In the case of the *Countess of Northumberland*, 5 Coke, 98 ; Moore, 455 ; Cro. Eliz. 518 ; 2 Rolle's Ab. 411, the defendants in a *quare impedit* pleaded in abatement *puis darrein* continuance a release by two of the plaintiffs, but it was held that the release went in bar only against those who made it, and that the writ should stand for the other plaintiffs.

But a *quare impedit* is a real action, and although in such an action a release of the interest of one plaintiff might not be sufficient to abate the writ, perhaps it might be otherwise in a personal action.

It is, however, unnecessary to determine, in this case, whether the fact that John Clark received four dollars in satisfaction of his interest in the action, would have been

sufficient to abate the writ. The defendant has not seen fit to plead that matter in a way that can enable him to avail himself of it for that purpose. But we are clearly of opinion, that such an accord and satisfaction could neither be pleaded in bar, nor used as an answer to the action upon the general issue, although it might, perhaps, have been used upon the trial to reduce the damages.

We are, therefore, of opinion, that the court below erred in instructing the jury that if they should be of opinion that John Clark received the four dollars, in satisfaction of his part of the damages, the plaintiff could not recover, and for this misdirection, the judgment must be reversed.