## Bowman *vs.* Gove.

The property of the defendant was attached upon mesne process, and the plaintiff, with two others, gave the officer a receipt for it, promising to deliver it on demand ; and it remained in the possession of the defendant, with the assent of all the receipters. Afterwards, the plaintiff requested the others to join with him in a demand of the property, and in a suit against the defendant, but they refused—*Held*, that the plaintiff could not maintain an action in his own name against the defendant, for the property, although the other receipters were insolvent.

TROVER. The case was submitted for the opinion of the court upon the following statement of facts.

On the 24th day of February, 1837, certain personal property of the defendant was attached upon mesne process.

The plaintiff, H. H. Robinson, and George P. Avery, gave a receipt to the officer for the property attached, promising therein to deliver it on demand, in as good condition as it then was, free from all expense to the officer, or to the attaching creditor. The property remained in the hands of the defendant. Before the commencement of this suit the plaintiff requested Robinson and Avery, who were both insolvent, to unite with him in a demand upon the defendant for the property, and in a suit, but they refused. He then demanded the property of the defendant, who refused to deliver it, and the plaintiff then brought this suit. The debt upon which the property was attached has been paid since this action was commenced.

It was agreed that judgment should be rendered for the plaintiff, for nominal damages, and costs, or for the defendant, according to the opinion of the court upon the foregoing case.

*Lyford & Clark,* for the plaintiff.

*Bartlett,* for the defendant.

GILCHRIST, J. The general rule is undoubtedly well settled and understood, that where one of several part owners of a chattel sues alone, the defendant can only take advantage of the objection by plea in abatement—*Addison* vs. *Overend,* 6 *T. R.* 766 ; and this doctrine is recognized and followed in all the books. But no question of pleading arises in this case, as the defendant has not pleaded in abatement that there are others who should have been made plaintiffs. The simple question submitted to us by the case, is, whether the plaintiff alone has any cause of action ; and this is to be determined from an examination of the principles which are to guide us in the selection of parties to a suit.

It has been settled, from an early period, that when several join in a personal action to charge a defendant, the re-

lease of one of the plaintiffs is a bar to all, and discharges the action. *Kimball* vs. *Wilson*, 3 *N. H. Rep.* 96. And a distinction is made between the case where the proceeding is instituted by several for their common benefit to charge another, and the case where several join to discharge themselves from a burthen imposed upon them. In the first case, one may release the action; and the reason given is, that the law presumes a folly in them to join with one who might discharge all. But in the other case, as it was not for the defendants to appoint who shall be joined in the action, and as they are compelled to join in a writ of error or other process to relieve themselves of the burthen, it is not reason that the act of one should prejudice his companions. *Razing* vs. *Ruddock, Cro. Eliz.* 648; *S. C.,* 6 *Coke* 25.

But this authority to release an action is not to be exercised so as to operate a fraud upon the other co-plaintiffs, or by collusion with the defendant. In England a fraudulent release can be avoided by equitable interference. *Skaife* vs. *Jackson,* 3 *B. & C.* 421. And in a very strong case of fraud, the court will control the legal power of a co-plaintiff to release *puis darrein continuance. Jones* vs. *Herbert,* 7 *Taunt.* 421.

But in Massachusetts it is held that the question of collusion must be tried by the jury. *Eastman* vs. *Wright,* 6 *Pick.* 316; *Loring* vs. *Brackett,* 3 *Ditto* 403.

The authority of a plaintiff to release a joint action depends upon a principle different from that which regulates the selection of plaintiffs. And the power to release is here adverted to, because it seemed to be supposed in the argument that the authority of the plaintiff to commence a suit in his own name, might be inferred, in the circumstances of this case, from his power as a co-plaintiff to release an action brought by all those in interest. And it is urged by the plaintiff, that, the other signers of the receipt being insolvent, it would be a hardship upon him if the right to maintain this action were denied him, as he could recover of them no

part of what he might be compelled to pay to the officer, or to the attaching creditor. But as a fraudulent release might in some way be relieved against, so if one of the parties should unreasonably refuse to join in the prosecution of an action, perhaps the other parties might have a remedy by a special action on the case against him. *Wilson* vs. *Mower,* 5 *Mass.* 407. And this would be an adequate remedy, where the party was solvent. Or, in the case of insolvency, where an action would afford no remedy, if the plaintiffs should cause an action to be commenced in the names of all, the court, upon some reasonable terms, such as an indemnity against costs, perhaps, would permit the suit to proceed in the names of all interested, and would not suffer any of the parties to discharge it, in fraud of the others.

The general principles which regulate the selection of plaintiffs, are, therefore, applicable in the case before us. The signers of the receipt had incurred a joint liability to the officer, and all had an equal interest in the property.

A refusal to deliver it upon demand, would be a damage, as much to one as to the other. One loss or injury only having been sustained, one satisfaction only would be due. To this, one would not have a better claim than the other ; of necessity, then, all are jointly concerned in demanding it. The injury to the plaintiff is not a separate injury to him alone, but to him jointly with the others, and of course his claim to remuneration is not a separate claim. The defendant remained in possession of the property by the assent of all the receipters. He cannot, then, be treated as a wrong doer by the act, and, at the election of one, without the assent of the others. Nor can their assent be presumed, because they have expressly refused it, both to a demand and a suit, and they now assent that the property should still remain in the possession of the defendant. The plaintiff, therefore, has no separate cause of action, and there must be

*Judgment for the defendant.*