## STEVENS *vs.* THOMPSON.

A plea of matter arising since the last continuance, is a matter of right, and the court cannot refuse to receive it, nor require cost to be paid as terms of a leave to plead it.

But if the defendant neglect to plead it at the next term after it arises, the court may, in its discretion, permit him to plead it at a subsequent term, and may, in such case, require the payment of costs.

Where the plea is regularly filed, whether the plaintiff is entitled to judgment for his costs up to the time of filing it, in case the defendant maintains his defence, *quære?*

ASSUMPSIT. The action was commenced February 4th, 1839, and founded upon an account annexed to the writ, amounting to $245.76.

The plea was the general issue, with a set-off, amounting to $275.50, consisting of the defendant's account against the plaintiff. The action was committed to an auditor, who made report to the court at the September term, 1841, and stated the accounts between the parties, shewing a balance due the plaintiff of $67.51.

At the February term of the court, 1844, the defendant offered his plea of a discharge in bankruptcy, since the last continuance, in bar of the farther maintenance of the suit. The plaintiff objected to the reception of the plea, except upon the payment of the costs up to the time of filing the plea. The court thereupon ruled that said plea be not received, except upon the terms aforesaid; to which the defendant excepted.

*Emery*, for the defendant, relied upon the 4th section of the act of Congress of August 19, 1841.

*Stickney*, for the plaintiff, cited 3 *N. H. Rep.* 102, *Kimball* vs. *Wilson*.

PARKER, C. J.  The plea should have been received without terms.  A plea *puis darrein continuance* is a matter of right, and the court cannot refuse to receive it.  2 *Wils.* 138, *Paris* vs. *Salkeld;* 3 *Caines' R.* 172, *Broome* vs. *Beardsley; Howe's Practice* 431.  Of course the court cannot require the costs to be paid, as terms of leave to plead it.  If the defendant neglect to plead the matter which has arisen since the last continuance, at the next term, he cannot claim a right to plead it at a subsequent term.  But the court, in its discretion, may grant leave to plead it *nunc pro tunc*, and when it thus exercises its discretion may impose the payment of costs.  1 *Chitty's Pl.* 457, [637] ; 10 *Johns.* 161, *Morgan* vs. *Dyer*.

If the plaintiff is entitled to costs up to the time of the filing of the plea, he can have a judgment for those costs upon the termination of the action, if the defendant should succeed in sustaining his defence to the farther prosecution of it.  If the plaintiff prevails, he will take costs from the commencement of the action to the term of judgment, and no special judgment will be necessary.  It is perhaps not to be regarded as quite settled that the plaintiff is, in general, entitled to costs up to the time of filing a plea *puis darrien continuance*, where the defendant prevails upon it.  The *dicta* to that effect in *Kimball* vs. *Wilson*, 3 *N. H. Rep.* 102, and *Bailey* vs. *Marsh*, 3 *N. H. Rep.* 276, seem to be supported by a statement of the counsel in *Harris* vs. *James*, 9 *East* 89, so far as pleas of certificates of discharges in bankruptcy are concerned ; but it may deserve examination whether that practice is not confined to pleas of that character.  It was held, in *Kimball* vs. *Wilson*, that the plaintiff was not so entitled, where the matter of the plea was a release by one of the plaintiffs.

*Exception allowed.*