## TOPPAN *v.* JENNESS.

Money, payable upon an accepted order, cannot be set off unless it is due at the commencement of the action.

Payment after action brought, cannot be shown in bar of the action unless pleaded *puis darrein continuance.*

Upon the general issue, the plaintiff's counsel has a right to the close, though the controversy relates to a set-off.

ASSUMPSIT, for goods sold and delivered. The defendant, with the general issue, gave a notice of set-off. There was no controversy as to the plaintiff's claim.

One of the items of set-off, was an order for twenty-five dollars, drawn by one Dennet, upon the plaintiff, in favor of the defendant, dated December 8, 1847, and accepted by the plaintiff in writing, as follows : " December 25, 1847. Accepted, payable when four bureaus are ready and delivered in Portsmouth. S. Toppan."

The action was commenced on the first day of January, 1848.

Toppan *v.* Jenness.

There was conflicting evidence as to the point whether four bureaus were ready and delivered in Portsmouth on that day, which was submitted to the jury ; and they were instructed, that if, at the time of the commencement of the action, the order was not due and payable by the terms of the acceptance, it could not be set off. The evidence tended to show, that the sum of twenty-eight dollars and forty-eight cents was paid some days after the commencement of the action, upon an order drawn by the plaintiff, in favor of A. & B., before the action was brought. And the court instructed the jury, that a payment, made after the action was brought, could not be given in evidence upon the general issue to bar the action, even if it was the whole amount due, unless it was agreed to be accepted in full of the whole action ; but the plaintiff was nevertheless entitled to recover nominal damages.

The defendant's counsel contended, that he was entitled to the close in addressing the jury, because the only controversy related to the set-off. But the court held, that upon the general issue the plaintiff is always entitled to the closing argument.

Exceptions were taken to the rulings and instructions of the court, by the defendant's counsel, who moved that the verdict returned for the plaintiff might be set aside.

*Kingman* and *Christie,* for the plaintiff.

*Hatch,* for the defendant.

BELL, J. The Revised Statutes, ch. 187, § 10, p. 375, seem to us entirely decisive as to the question whether the defendant could avail himself of the order of Dennet and the plaintiff's acceptance, as a set-off. " No debt or demand shall be set off as aforesaid unless a right of action existed thereon at the commencement of the plaintiff's action." The right of action upon the acceptance, depended entirely upon the fact whether the condition, upon which the acceptor had agreed to pay, was performed or not ; and as no right of action could exist till then, it could not be set off by the terms of the statute.

The case of *The Pemigiwasset Bank* v. *Brackett*, 4 N. H. Rep. 557, is conclusive as to the effect of the payment after action brought, that it cannot go in bar of the action, unless specially pleaded *puis darrein continuance*, in bar of the further maintenance of the action.

It has always, so far as we are aware, been the practice for the plaintiff's counsel to open and close the case when the general issue is pleaded, whatever may be the nature of the controversy. *Ayer* v. *Austin*, 6 Pick. 225.

<div align="right">

*Judgment on the Verdict.*