## MELE HOLELUA *et al. vs.* KEONI KAPU *et al.*

### EXCEPTIONS TO RULINGS OF McCULLY, J.

### JANUARY TERM, 1885.

### JUDD, C. J.; McCULLY and AUSTIN, JJ.

The grantee of the heirs of one of several joint plaintiffs in an action of ejectment, is estopped by the judgment therein, in a subsequent suit by such co-plaintiffs against him.

### OPINION OF THE COURT, BY AUSTIN, J.

THIS is an action of ejectment brought by plaintiffs to recover lands in Honolulu, as heirs of Kane, the patentee, under Royal Patent 5,718.

The defendant Kahea Kapihi claims title to an undivided half of the said land, as grantee of the heirs of Kailiuli, the widow of Kane, and denies the heirship of the plaintiffs.

Thereupon the plaintiffs produce the record of a judgment in ejectment for an undivided half of certain lands in Honolulu, between them and Kailiuli, as plaintiffs, and the defendant Kapu, as defendant, in plaintiffs' favor, establishing them to be heirs of

Kane by their mother and his daughter Hiapo, and claim that the defendant Kapihi is thereby estopped from claiming as such grantee to the heirs of Kailiuli. The Court held defendant so estopped.

Further, the said defendant showed himself and defendant Kapu to be in possession of separate parts of the land claimed, and that no demand for rents and profits had been made, and so defendant claimed that there could be no recovery therefor against the defendants jointly. The Court held there might be a joint recovery against defendants, and the plaintiffs recovered the land claimed and damages $50. The defendant Kapihi appealed to this Court.

In the judgment claimed as an estoppel, these plaintiffs and Kailiuli joined in an allegation that they were entitled, as tenants in common, to the moiety they claimed as heirs by descent from Holelua, the patentee, and the defendant Kapu denied it. The question litigated was whether the plaintiffs were such tenants in common, and to show that fact it was necessary to prove, and was proved, that Kane, the brother of Holelua, left a daughter, Hiapo, the mother of these plaintiffs, now dead, and a widow, the said Kailiuli. Kailiuli was sworn at the trial to the fact so required.

The defendants' counsel says there was no estoppel, and cites Freeman on Judgments, Sec. 158, as follows : " Parties to a judgment are not bound by it, in a subsequent controversy between each other, unless they were adversary parties in the original action."

The rule as to estoppel by judgment is well laid down in *Emberry vs. Connor*, 3 Comst., 522, as follows : " That the judgment or decree of a Court possessing competent jurisdiction is, as a general rule, final, not only as to the subject matter thereby actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided, can admit of no doubt," and again, " The general rule is that an allegation on record, upon which issue has been once taken and found, and a judgment has been rendered, as between the parties taking it and their privies, is conclusive, according to the finding thereof, so as to estop the parties respectively from again litigating that fact once so tried and found."

To render parties adversary parties in an action, it is not necessary that they should be opposed as plaintiff and defendant, but that their interests should be opposed to each other, and that the litigation should settle the question between them, either by admissions of record or by proof.

Often in courts of equity the rights of different defendants are litigated and settled as between themselves, even without definite allegations, but if their rights were adverse, and not pleaded or litigated, the judgment rendered would not be conclusive between them. See *Graham vs. Railroad Company*, 3 Wall., 704, cited by defendants' counsel.

But we apprehend that no case can be found where a party joins in a pleading with other plaintiffs, whom she might dispute as to a fact material between her and them, and alleges that their claim as to that fact is true, and that claim is litigated in the action and decided in their favor, and judgment thereon is entered, where such judgment was not held conclusive upon all parties. In that case, had Kailiuli denied that she was tenant in common with these plaintiffs, and that fact had been established, she would not only have been tenant in dower as she alleged, but would have been entitled in fee to one undivided half of the land there claimed as widow of Kane, who died without issue. Having solemnly admitted of record in that case that she was not such statutory heir to one half, and that these plaintiffs were such heirs as alleged by her, and tenants in common with her, having sworn to that fact on the trial, and that question being litigated by another interested on an issue to which she was a party, she and her privy, the defendant, are estopped.

In *Wilcox vs. Mower*, 5 Mass., 407, three plaintiffs were joined and judgment was rendered against them for costs, and in a subsequent action against one for contribution to pay costs, that one was permitted to show that the suit was begun without his knowledge or consent, and that he never personally joined in the issue. This was right, but in that case, as to the issue litigated, he was held estopped, and the question of contribution between them was not in issue. See *Keahi vs. Bishop*, 3 Hawn., 546.

We find no case cited where joint plaintiffs in a litigated issue are not estopped by the result.

The point as to damages was not argued by the appellants' counsel, and we think cannot be maintained.

The exceptions are overruled.

*E. Preston*, for plaintiffs.

*Kinney & Peterson*, for defendants.

Honolulu, March 23, 1885.