### SINGLEHURST *v.* LA COMPAGNIE GENERALE TRANSATLANTIQUE.

*(Circuit Court of Appeals, Second Circuit. January 18, 1892.)*

ADMIRALTY—PRACTICE—SECOND CIRCUIT—NEW EVIDENCE ON APPEAL.

On an appeal in admiralty, it is not a matter of course to allow parties who have withheld evidence available to them in the district court to present such evidence on appeal. It has, however, been the practice on appeals in the second circuit to take such testimony, without excusing its nonproduction below, where neither side has objected. In view of such practice, where no objection was interposed by an appellee to the taking of new proof until such taking was completed, *held*, that a motion thereafter made, to suppress such depositions, would be denied.

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. On motion to suppress depositions. For former report, see 47 Fed. Rep. 122.

*Jones & Govin,* (*Edward K. Jones,* of counsel,) for the motion.

*Sidney Chubb,* (*Robert D. Benedict,* of counsel,) opposed.

Before WALLACE and LACOMBE, Circuit Judges.

LACOMBE, Circuit Judge. This is a motion to suppress certain testimony taken in this court by the libelant and appellant in an admiralty suit, after appeal from the district court under the forty-ninth rule in admiralty. All of the witnesses, whose testimony is the subject of this motion, were accessible to the appellant, and could have been called by him, at the trial in the district court. They are the counsel for the appellee; two of the clerks in the office of the appellee; two per-

sons in the employ of appellant, who were present at the trial; the agent of the appellant, who was also present at the trial; and the chief engineer of the appellee's steamer, who was examined at the trial. Another item of testimony is a protest made by the master of the said steamer, a copy of which was in the hands of proctor and counsel of the libelant before the trial in the district court. It is conceded that, up to the time this motion was argued, no reason was shown or attempted to be shown, either on the record or otherwise, why these supposed matters of evidence were not produced at the trial in the court below. No new allegations or amendments have been made in the pleadings.

Appellate courts in admiralty treat an appeal as a new trial, in which new pleadings and new proofs are permitted, in furtherance of justice. But it is not a matter of course to allow parties who have withheld evidence available to them in the district court to present such evidence on appeal. Such was declared to be the law of this circuit in *The Saunders,* 23 Fed. Rep. 303, and *The Stonington and The Wm. H. Payne,* 25 Fed. Rep. 621. It is unnecessary to add anything to the discussion of this question in the case of *The Saunders.* The decision therein seems to be in entire accord with the authorities, and when objection is raised the party offering the new evidence should show some good reason, if any, why it was not produced before. It has, however, been the practice in this circuit to take such testimony, without excusing its nonproduction below, where neither side has objected. Upon the hearing of this motion an affidavit was filed by the proctor for the appellant, stating that the new proofs are material and necessary to the determination of the appeal, and "relevant to points referred to in the written decision of the district judge, but not referred to by counsel on the trial in the court below," which, it is contended, is sufficient excuse for failure to produce the evidence before. If this means that the district judge detected a weakness in the appellant's case, which counsel had overlooked, the bald statement of that fact is not sufficient. If it means that the district judge decided the case on facts not in proof, or upon assumptions and inferences not warranted by the evidence, such errors, for all that appears, may be corrected without new testimony. It appears, however, that no objection was interposed by the appellee to the taking of this new proof until such taking was completed. Although present and cross-examining the witnesses, its counsel did not raise the point that such witnesses were available or were examined at the trial below until their testimony in this court was closed. Under these circumstances, we do not think he should be allowed to insist upon the suppression of such testimony, in view of the practice in this circuit, above referred to. If a party wishes to insist upon his rights in that regard, he should interpose his objections promptly, and not wait till his adversary has been put to the trouble and expense of taking the new proofs.

The other points argued by appellee in support of this motion should be determined on the argument of the appeal, not on motion to suppress. The motion is denied.