Wallace, Circuit Judge.
We think the facts stated in the opposing affidavits should excuse the appellant for not making the application for leave to take new proofs required by rule 7, Appeal Rules in Admiralty, promulgated by this court May 20, 1892, to take effect July 1, 1892. It would be unjust to a party whose case has been tried in the district court in reliance upon the right to introduce such new testimony upon an appeal as was permissible under existing rules to preclude him *874 from doing so because of limitations imposed by rules of court subsequently made. The language of the rule does not require a retroactive effect to be given to it, and we are disposed to treat the motion to suppress the depositions taken by the appellant as though the appellee were showing cause, pursuant to the old rule, (No. 130,) why the appellant should not offer new proofs. Prior to the adoption of the new rule, it was not the practice in this circuit to allow parties upon an appeal in an admiralty cause from the district court to introduce as new evidence that which was available at the hearing in the district court, and had been deliberately withheld. The Saunders, 23 Fed. Rep. 303; The William H. Payne, 25 Fed. Rep. 621; Singlehurst v. La Compagnie, decided in this court January 18, 1892, (1 U. S. App. 126, 1 C. C. A. 487, 50 Fed. Rep. 104.) It had not been definitely decided, however, that the introduction of evidence should be precluded merely because it had been negligently omitted at the hearing in the district court; and, by the general acquiescence of practitioners, and perhaps of the judges, it had come to be implied that any new evidence might be offered which was material, and had not been intentionally withheld at the trial below. The purpose of the new rule is to reform what had become a mischievous practice in this circuit, and to require the exercise of a sound discretion by the judges of this court in refusing to allow parties to offer testimony which ought to have been produced, but was not produced, in the court of original jurisdiction.
The rule is not a new departure from the recognized practice of courts of admiralty generally, but conforms to it. In The Generous, 2 L. R. Adm. & Ecc. 57, 64, Sir Robert Phillimore said:
“The court will require good reason to be shown why evidence not produced before the court below should be introduced in this court, and will exercise a discretion, according to the circumstances of the case, on this subject; entertaining a strong opinion, upon general principles, which are too obvious to require to be stated, that such discretion should be exercised with great reserve and caution.”
In The Mooresly, 1 Asp. 471, decided in 1872, the same judge refused the application to examine two witnesses who had not been examined in the court below, because it did not appear that there was any surprise owing to the absence of the witnesses. In The William, 7 Ir. Jur. 354, the reporter’s note is as follows:
“This court will admit additional evidence upon appeal, if it appears by affidavit that it was impossible for the party or parties in the court below to tender it at the original hearing; the witnesses being nautical men, whose attendance is not always available. ”
The earliest reported case upon the subject in this country is Rose v. Himely, Bee, 313, decided by Mr. Justice Johnson in the supreme court at circuit in 1805. The decision was that the question whether new evidence could be adduced on appeal must depend upon the nature of the evidence proposed to be adduced, and the sufficiency of the reasons given to show that the inability of the claimant to produce such evi *875 dence at the time of the trial in the district court was not attributable to his own laches. The next case was Coffin v. Jenkins, 3 Story, 108, 120, which arose on the question of amendment of an answer involving new proofs to support it. In refusing to allow the amendment, Judge Story said:
“The matter of defense must have been well known when the cause was in the court below, and ought then, if ever, to have been insisted on, as, if well founded, it disposed of the whole suit. This court ought in all eases to-be very cautious in admitting any new matters, either of allegation or of defense, to be introduced here, when the facts on which they rest are not new or newly discovered, but were perfectly known at or before the hearing in-the district court. We should otherwise constantly have appeals here entertained upon matters never brought to the notice of the district court, and might virtually exercise an entirely original jurisdiction, instead of an appellate jurisdiction.”
In The Schooner Boston, 1 Sum. 331, the same learned judge used-the following language:
“It being clearly established that a knowledge of the circumstances had not been brought home to the claimants until after the decree of the district court, this court had no difficulty, at a former hearing, in allowing the claimants to file a supplementary answer and defense on this point.”
Upon the general proposition that, although appellate courts in admiralty treat an appeal as a new trial, and exercise much liberality in-permitting new proofs and new pleadings in furtherance of justice, they are not constrained by any arbitrary rules to receive testimony which-ought to have been produced, but was not produced, in the court of original jurisdiction, the following judgments may be cited: The Osiris, 1 Hagg. Adm. 135; The General Palmer, Id. 323; The Glenmanna, 2 Lush. 122; The Flying Fish, Brown. & L. 436; The Samuel, 1 Wheat. 9;. The Mary, 8 Cranch, 388; The Grey Jacket, 5 Wall. 342; The Mabey, 10-Wall. 419; TheWestern Metropolis, 12 Wall. 389; The Juniata, 91 U. S. 366-The present case illustrates very well the necessity of adhering to the restrictions provided by the new rule. The new depositions taken by the-appellant are all of them of witnesses whose testimony might have been procured readily by the exercise of reasonable diligence. The controversy is one as to the value of salvage services rendered to the steamship Venezuela by the steamer North America and the tug Buckley. The appellant now offers the depositions of Chambers, who was master of the Venezuela at the time of the salvage, and of Hopkins, a former master of the Venezuela, who was on board her at the time of the salvage service; of Skillings, mate of the Venezuela, on board her at the time; of McEllwie, master of the tug Buckley, on board at the time of the service; and of Dallas, a witness for the appellant who was examined at the trial in the district court. If these witnesses had been produced, as they might have been, and examined, in the district court, very likely the controversy would have ended there, and the delay and expense of this appeal been dispensed with; but, in any event, this court would have had the benefit of the judgment of the district court upon *876 the value of their testimony. Nevertheless we cannot find that the testimony of the new witnesses was intentionally withheld, or that the failure to examine them was attributable to gross laches, and, adhering to the prevailing practice at the time the cause was tried and the appeal was taken, the only deposition which we feel justified in suppressing is that of the witness Dallas.