## THE BEECHE DENE.

### J. T. LUNN CO., Limited, et al. v. CAMERON et al.

(Circuit Court of Appeals, Fifth Circuit. March 6, 1893.)

#### No. 42.

ADMIRALTY—APPEAL—EVIDENCE.

Under rule 8 of the circuit court of appeals for the fifth circuit, the practice in admiralty appeals is not like that formerly existing in the circuit courts under admiralty rule 49, but like the supreme court practice, and new evidence cannot be taken by deposition de bene esse, but only by a commission under supreme court rule 12, (3 Sup. Ct. Rep. ix.,) which should not issue of course, but only when it appears that the testimony is material, and a good excuse for not offering it in the trial court is given.

Appeal from the District Court of the United States for the Eastern District of Louisiana.

In Admiralty. Libel by William Cameron and J. W. Castles, trading as Cameron & Castles, against the steamship Beeche Dene, her tackle, etc., (the J. T. Lunn Company, Limited, claimant,) for damage to a cargo of sugar. The vessel was released on claimant's bond with Richard Milliken as surety. A decree was entered for libelants, and affirmed by this court on appeal taken by respondents. 55 Fed. Rep. 525. Pending the appeal, the libelants took new evidence. Heard on respondents' motion to retax the costs. Granted.

Joseph P. Hornor and Guy M. Hornor, for appellants.
Richard De Gray, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

McCORMICK, Circuit Judge. This case is an appeal in admiralty. Our judgment was that the judgment below be affirmed at appellants' cost. Pending the appeal, the appellees took new evidence, without obtaining an order of this court for the taking of additional testimony. They proceeded under admiralty rule 49, promulgated by the supreme court in 1851, for taking further proof in a circuit court upon an admiralty appeal. Notice was given to the adverse party, who appeared, and duly objected to the proceeding as unwarranted. In taking and printing this additional evidence, costs to the amount of $41 were incurred, which have been taxed against the appellants, to correct which this motion is made to retax the costs so as to relieve appellants of the $41 above mentioned, urging, with other grounds not deemed necessary to notice, that said additional evidence was taken without any or-

der of this court authorizing it to be taken, and without showing any legal reason for taking it, and over the objection of appellants, duly made and entered before said testimony was taken.

By section 4 of the act of March 3, 1891, establishing this court, it is provided that no appeal shall thereafter be taken or allowed from the district courts to the circuit court, but only to the supreme court or to the circuit courts of appeals, according to the provisions of said act. By the last clause of section 2 of said act it is provided: "The court shall have power to establish all rules and regulations for the conduct of the business of the court within its jurisdiction as conferred by law."

This court is given appellate jurisdiction of all cases other than certain specified classes of cases which are reviewable only by the supreme court, and the provisions appear to point to precisely the same practice in reaching this court and proceeding in it, as in taking and conducting appeals or writs of error to and in that court. Authorized by these provisions of the statutes, we have adopted our rule 8, (47 Fed. Rep. v.) "The practice shall be the same as in the supreme court of the United States, as far as the same shall be applicable."

On the subject we are now considering, the practice in the supreme court is regulated by rule 12, (3 Sup. Ct. Rep. ix.,) which is in two sections:

"(1) In all cases where further proof is ordered by the court, the depositions which may be taken shall be by a commission to be issued from this court or from any circuit court of the United States.

"(2) In all cases of admiralty and maritime jurisdiction, where new evidence shall be admissible in this court, the evidence by testimony of witnesses shall be taken under a commission to be issued from this court or from any circuit court of the United States under the direction of any judge thereof; and no such commission shall issue but upon interrogatories to be filed by the party applying for the commission, and notice to the opposite party or his agent or attorney, accompanied with a copy of the interrogatories so filed; to file cross interrogatories within twenty days from the service of such notice: provided, however, that nothing in this rule shall prevent any party from giving oral testimony in open court in cases where by law it is admissible."

In prize cases certainly the cause is heard de novo on appeal in the supreme court, (Yeaton v. U. S., 5 Cranch, 283,) if not in all admiralty appeals; but ordinary appeals in admiralty have not been heard de novo in the supreme court in the same sense or to the same extent as was provided for and obtained in cases on appeal in the circuit court, as indicated and regulated by rule 24 and rule 49 in admiralty, authorized by section 6, 5 St. at Large, p. 518, and fully discussed in The Lucille, 19 Wall. 73, and in The Charles Morgan, 115 U. S. 75, 5 Sup. Ct. Rep. 1172; The Mabey, 10 Wall. 420. On the subject of taking new evidence in cases on appeal in the supreme court it is expressly held that such evidence cannot be taken by deposition de bene esse. That the provision of the statutes authorizing the taking of such depositions in express terms refers to cases in the district and circuit courts, and does not apply to cases pending in the supreme court, (The Argo, 2 Wheat. 289,) and that testimony by depositions can be regularly taken for the

supreme court only under a commission issuing according to its rules. There can be no substantial amendment of pleadings in the supreme court, and commissions to take testimony do not issue out of that court as a matter of course, on formal application under rule 12, but the party is required not only to show that the testimony is material, but is required to present a satisfactory excuse for not taking the evidence before the trial courts. The Mabey, supra. Parties and learned proctors have assumed in this case, and perhaps in others, that as the appeal from the district court in admiralty cases now comes to this court, the rules applicable to appeals in such cases to the circuit court before March 3, 1891, governed in such cases in this court. We do not so construe the statutes and the promulgated rules bearing on the subject, and our judgment rendered in this case on a former day of this term (55 Fed. Rep. 525) will be so modified as to read: It is ordered that the judgment of the district court be affirmed, and that appellant pay all the costs except the costs of taking and printing additional evidence taken after the allowance of the appeal, and the costs of this motion, which excepted costs are adjudged against the appellees.