## THE GLIDE.

### HUDSON v. GRAFFLIN.

(Circuit Court of Appeals, Fourth Circuit. June 11, 1895.)

#### No. 135.

ADMIRALTY PRACTICE—TAKING EVIDENCE ON APPEAL.

Upon the hearing of a cause in admiralty, the claimant, who did not live in the city where the hearing took place, failed to appear. The libelant's evidence was taken, and the case adjourned to a future day. On such adjourned day claimant again failed to appear, and his proctor was unable to give any reason for his absence, whereupon the case proceeded to judgment for the libelant. It appeared that claimant had been ill, had expected to be present on both days, but had been prevented by his disease from attending or advising with his proctor. *Held*, that a proper case was made out for permitting claimant to take evidence pending an appeal.

This was a libel by George W. Grafflin against the barge Glide (George P. Hudson, claimant). Judgment was rendered in the district court for the libelant. The claimant appealed, and now moves for leave to take testimony pending his appeal.

Robert H. Smith, for appellant.

Frank Gosnell, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and HUGHES, District Judge.

SIMONTON, Circuit Judge. This is a petition in behalf of the claimant, praying that he be allowed to examine certain witnesses, pending the appeal in this court. The prayer of the petition is resisted by the appellee.

We have no special rule bearing on this case. It is governed by rule 8,[1] conforming our practice to that of the supreme court. The application is not a matter of right. The court in each case

[1] (11 C. C. A. ci., 47 Fed. v.)

determines whether or not the prayer of the petitioner should be granted, and it will never be granted unless some satisfactory reason is shown why witnesses were not produced and examined in the court below. The Mabey, 10 Wall. 419. See, also, The Venezuela, 1 U. S. App. 315, 3 C. C. A. 319, 52 Fed. 873; Sorenson v. Keyser, 2 U. S. App. 177, 2 C. C. A. 92, 51 Fed. 30; The Beeche Dene, 13 U. S. App. 212, 5 C. C. A. 208, 55 Fed. 526; The Lurline, 14 U. S. App. 153, 5 C. C. A. 166, 55 Fed. 422. In the present case, after some delay, in which both parties acquiesced, the cause was called for trial. The witnesses of the libelant appeared, and were examined. The claimant, who did not live in Baltimore, where the case was heard, did not appear. He was ill at his home at Norfolk. The court adjourned the cause for several days, when it was again called, and the claimant was again absent. It seems that he had hoped to have recovered sufficiently to attend on the day thus fixed for the trial, but his disease prevented him. His proctor, not having been advised of his continued illness, could give no satisfactory reason, beyond surmise, of his repeated absence, and the judge properly ordered the case to proceed. It appears now that the illness of the claimant prevented him from attending at Baltimore, and from instructing his proctor how to meet the case made by the libelant; that he believes bona fide that he has a substantial and meritorious defense, and that but for his illness he could have properly instructed his proctor, have procured the attendance of the witnesses, and, under these circumstances, have developed his defense. Permitting him to do so now would better serve the ends of substantial justice. See River Line v. Cheatham, 9 C. C. A. 124, 60 Fed. 517.

Let a commission issue from this court, in accordance with the practice prescribed in rule 12 (3 Sup. Ct. ix.) of the supreme court, for the purpose of examining the witnesses named in the petition.