C. CRANE & CO. v. SESHER. (Circuit Court of Appeals, Sixth Circuit. October 25, 1909.) No. 1,939. In Error to the Circuit Court of the United States for the Eastern District of Kentucky. W. H. Mackoy and Charles Stevens, for plaintiffs in error. S. C. Bailey and J. C. Wright, for defendant in error. Before LURTON, SEVERENS, and WARRINGTON, Circuit Judges.

PER CURIAM. The facts in this case are identical with those in the case of Noble v. Crane & Co. (decided by this court at the June session) 169 Fed. 55, where we affirmed an instruction for the defendant company. It was error in the court below to deny the request by plaintiff in error for a similar instruction; Noble and Sesher having been hurt by the fall of the same scaffold at the same time. Reversed, and remanded for new trial.

---

EICHELBAUM v. SCOTT et al. (Circuit Court of Appeals, Fourth Circuit. March 9, 1909.) No. 876. Appeal from the District Court of the United States for the Western District of Virginia, at Lynchburg. J. E. Edmunds and G. E. Caskie, for appellant. F. W. Whitaker, for appellees. Before PRITCHARD, Circuit Judge, and BOYD and DAYTON, District Judges.

PER CURIAM. After due consideration of the questions involved in this controversy, we are of opinion that there is no error in the ruling of the court below. Affirmed.

---

THE GYPSUM KING. (Circuit Court of Appeals, Second Circuit. August 27, 1909.) Appeal from the District Court of the United States for the Southern District of New York. Motion to take new proofs on appeal. Before WARD, Circuit Judge (in vacation).

WARD, Circuit Judge. Under the former practice of this court the parties might take new proofs at will, though the depositions of witnesses who had deliberately not been examined, or who might have been called at the trial, might be suppressed on motion. Singlehurst v. La Compagnie Générale Trans-atlantique, 50 Fed. 104, 1 C. C. A. 487; The Venezuela, 52 Fed. 873, 3 C. C. A. 319. The present rules 1 and 7 of this court in admiralty changed the practice, permitting new proofs to be taken only by leave of the court. The appellant seeks to examine two sea-faring witnesses in this court. Its secretary swears "that at the time of the trial in the District Court I made strenuous efforts" to secure the presence of these witnesses, but they were then not in port and so could not be produced. That they were competent and material witnesses evidently was known, and also that their occupation put them in the class of going witnesses. What these efforts were is not stated. It is not shown that any reasonable steps were taken before the trial, by subpoena or otherwise. The motion is denied.

---

MAHLE v. SCHILPP. (Circuit Court of Appeals, Fourth Circuit. December 7, 1908.) No. 848. Appeal from the District Court of the United States for the District of Maryland. A. W. Patterson (Rignal W. Baldwin, on the brief), for appellant. William Reynolds, for appellee. Before GOFF and PRITCHARD, Circuit Judges, and BRAWLEY, District Judge.

PER CURIAM. We fully concur with the conclusion reached by the court below. Affirmed.