## THE MABEY.

1. When a motion is made by an appellant to examine witnesses in this court in an appeal in admiralty, the appellant should show some excuse satisfactory to this court, for the failure to examine them in the courts below, such as that the evidence was discovered when it was too late to procure such examination, or that the witnesses had been subpœnaed and failed to appear, and could not be reached by attachments, and the like.
2. Hence, where, on such a motion, his affidavit stated only that the witnesses were material ones, without whose testimony he could not safely proceed to the hearing, as he was informed and believed, and as he was advised by his counsel after a full statement to him of the facts which he expected to prove by the persons whom it was proposed to examine, the motion was denied.

ON motion.    Atkins had libelled the steam tug Mabey in the District Court at New York, for injury done by the Mabey to a vessel of his, then in New York harbor.    The District Court decreed in his favor, and the Circuit Court affirmed the decree.    The owner of the Mabey appealed to this court; and *Mr. T. M. Wheeler, in his behalf*, now moved the court for a commission to take further evidence to be read in this court on the hearing.    The affidavits on which the motion was founded gave the names of several witnesses represented as residing in New York and Brooklyn, and swore that "they were material and necessary witnesses in the action on behalf of the appellant, without the benefit of whose testimony he could not safely proceed to trial, as he is informed and believes, and as he is advised by his counsel therein, after a full and fair statement of the facts which the appellants expect to prove by the said witnesses."

Mr. Justice NELSON delivered the opinion of the court.

No excuse is shown in the papers, on which the motion is founded, why the witnesses named, and proposed to be examined, were not examined in some one of the courts below before the hearing there.    The affidavit simply states that the testimony of these witnesses is material, as advised by counsel.

This is not in accordance with the practice of the court. Some excuse, satisfactory to this court, should be shown for the failure to examine them in the courts below, such as that the evidence was discovered when it was too late to procure such examination, or that the witnesses had been subpœnaed and failed to appear, and could not be reached by attachments, and the like.*

Many of the cases bearing on this subject are cases of amendment in the appellate court by adding new allegations and giving new proofs.† But they involve the practice applicable to motions simply to examine witnesses in the appellate court. There can be no substantial amendment in this court; but if the pleadings or evidence are so defective that no decree can be founded upon them, and the case appear to have merits, the court will reverse the decree and remand the cause to the court below with directions to permit amendments and further proofs.‡

It is quite apparent, if commissions were to be allowed by this court to issue as a matter of course, on a formal application under the twelfth rule, without requiring any excuse for not taking the evidence in the usual way before the courts below, the privilege would be open to great abuse, disturbing the orderly proceedings in courts of admiralty. Instead of taking proofs in the cause in the courts below, and there thoroughly trying it, much of the evidence could safely be omitted, relying on the new evidence in this court. There is no hardship upon the parties in guarding against this abuse with great care and strictness, as they have two opportunities to procure the attendance and examination of the witnesses before they come here on appeal: first, before the District Court, and again before the Circuit.

MOTION DENIED.

---

* The Boston, 1 Sumner, 328, 331; Coffin v. Jenkins, 3 Story, 108; The William, 7 Irish Jurist, 354; Jarvis v. Chandler, 1 Turner & Russell, 319.

† Parsons on Shipping, 2 vol., pp. 429, 430, 431, and note; Conklin's Admiralty, pp. 418, 419; Lamb v. Parkman (2d Circuit, per Curtis, J.), 21 Law Reporter, 589.

‡ Brig Caroline, 7 Cranch, 496–500; Mary Anne, 8 Wheaton, 380.