Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 
 *
 

 Damages were claimed by the owners of the ship Isaac F. Chapman for injuries which the ship received in a collision that occurred between the ship while she was lying at a dock in the port of New York, and the steamtug R. S. Ma-bey and the ship Helen R. Cooper, which, at the time of the collision, was in tow of the steamtug, as more fully set forth in the libel filed in the District Court. Serious injury resulted to the ship of the libellants, and they alleged that the steamtug and the ship Helen R. Cooper were both in fault. Separate answers were filed by the claimants of the tug and tow, and both, it seems, made preparation for defence, but before the day for the hearing arrived they entered into the following stipulation, which is an exhibit in the motion before the court. Omitting the names of the parties to the suit and the signatures of the proctors, the stipulation reads as follows:
 

 “It is herebj' stipulated by and between the parties representing the claimants of the vessels respondent in the above action, that said ship, Helen R. Cooper, shall and does hereby assume the conduct of the defence, and that all and any judgment ordered against the said vessels, or either of them, shall be assumed and paid by said ship Helen R. Cooper.”
 

 Application for the same purpose as that described in the motion was made to this court by the appellants on a prior occasion during the present term of the court, but it was refused, as no excuse was shown, in the petition or accompanying papers, why the witnesses were not examined either in the District 01 Circuit Courts, and the court said some ex
 
 *741
 
 cuse should be shown satisfactory to this court for the failure to examine them in the courts below—such as that the evidence was discovered when it was too late to procure such examination, or that the witnesses had been subpoenaed and failed to appear and could not be reached by attachment, and the like.
 

 Commissions for such a purpose cannot be allowed as of course, under the twelfth rule, as it would afford an inducement to parties to keep back their testimony in the subordinate courts, and the effect would be to convert this court into a court of original jurisdiction. Admonished to that effect by the prior decision of this court the parties have filed with the present application an affidavit as a compliance with that requirement. Unsettled, as the practice was prior to that decision, the parties are right in supposing that this court would entertain a second application in the same case.
 

 Governed by these views the court has examined the affidavit and the reasons given why the testimony was not taken prior to the hearings in one of the subordinate courts, but the court is constrained to say that the reasons given are not satisfactory, as they show that the witnesses were in court and that they were not examined because the party now asking for the commission agreed that they would not introduce auy testimony in the case, and the affidavit shows that they did not introduce any in the District Court and did not appeal from the decree, and of course they did not and could not introduce any in the Circuit Court, as it is well-settled law that the losing party in the subordinate court cannot be heard in the appellate court in opposition to the decree in the subordinate court unless he himself also appealed from the decree.
 
 *
 
 Instead of being satisfactory, the reasons set forth in the affidavit why the testimony was not introduced in the trials below, are persuasive and convincing that the motion ought not to be granted. Having accepted the bond
 
 *742
 
 of indemnity and failed to make any defence the risk as to the sufficiency of the sureties was- upon the present appellants, and the fact that they misjudged or are disappointed in that behalf furnishes no reason for the motion before the court.
 

 Motion denied.
 

 *
 

 This case was decided at the last term.
 

 *
 

 The William Bagaley, 5 Wallace, 412; The Maria Martin, 12 Id. 31.