## Case No. 14,492.

UNITED STATES v. BACON et al.

[14 Blatchf. 279.] [1]

Circuit Court, N. D. New York. July 27, 1877.

QUI TAM ACTION — SPECIAL AGENT — ENTRY OF SATISFACTION—MOTION TO SET ASIDE.

C., as special agent of the post-office department, prosecuted an action given by statute, as well for himself as for the United States, to final judgment, against T., the avails of which, as to costs, would belong to him alone, and, as to damages, to him and the United States, in equal parts. The bond of T. and B., running to the United States alone, was taken in satisfaction of such judgment. A large part of the sum due on the bond was paid, and, out of it, the costs of the suit, belonging to C., were paid, and the balance was divided between him and the United States. Suit was then brought by the United States, on the bond, to recover the balance due on it, and judgment was obtained. Satisfaction of such judgment was entered, without payment made, by the law officers of the United States, by direction of the post-office department. C. moved to set aside the entry of satisfaction. Held, that the motion must be denied.

[See Bacon v. Stark, Case No. 715.]

Richard Crowley, U. S. Dist. Atty.
John H. Buck, for Carlisle.
George Wadsworth, for Bacon.

WHEELER, District Judge. This cause has been heard upon the motion of Frederick Carlisle to set aside the entry of satisfaction of judgment recovered therein as of the October term, 1870, entered by the law officers of the government of the United States, under direction of the post-office department, on the ground that the judgment had been obtained at his expense, and that one-half the damages and all the costs therein belonged to him, and that the satisfaction had been entered in violation of his right. From the documents and evidence made a part of the case for the purposes of this hearing, it appears, that he, as special agent of the post-office department, prosecuted an action given by the statutes of the United States, as well for himself as for the United States, to final judgment, against

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

Calvin F. S. Thomas and one Andrew F. Lee, the avails of which, as to costs, would belong to him alone, and, as to damages, to him and the United States, in equal parts; that the bond of Thomas and the defendant [Charles E.] Bacon, running to the United States alone, was taken in satisfaction of that judgment; that a large part of the sum due on the bond was paid by the obligors, or one of them, out of which the costs of the suit, belonging to Carlisle, were paid, and the balance was divided between him and the United States; that this suit was brought to recover the balance due on the bond, in which judgment for that balance, $33,021.98, was entered; and that satisfaction of that judgment was entered, without payment made, by the law officers of the government, by direction of the post-office department, to which branch of the government the control of the suit, so far as the government was concerned, belonged. From this statement, it appears clearly, that the bond, when taken, actually belonged to the United States and to Carlisle in equal parts. The ownership of it was precisely the same as that of bank notes would have been, if such notes had been taken in satisfaction of the same judgment. The bond ran, in terms, to the United States, but it was the same, in effect, as if it had run to the United States and to Carlisle. Then it would have been an obligation to him and the United States jointly. Now it was an obligation to the United States, as to one-half, in the right of the United States, and, as to the other, in trust for him. His right, in equity, was just the same as if it had run to both, but was not, either at law or in equity, any greater than as if it had so run. Both now and then the United States owned or would own one-half of it, and would have the right to release that half, either with or without satisfaction. After such release, no action could, in either case, be maintained by the owner of the other half. Not if made to the two, because neither could maintain an action on it without both; and both could not, for one had been satisfied. Ruddock's Case. 6 Coke. 25; 1 Pars. Cont. 26; Pierson v. Hooker. 3 Johns. 68; Wilson v. Mower, 5 Mass. 407; Eastman v. Wright. 6 Pick. 316; James v. Aiken, 47 Vt. 23. And not if made to the one, because that one had been satisfied for his part. Had the United States been the mere trustee of Carlisle, and he the real owner of the bond, the United States would have had nothing in it to release; and the court, in such a case, would always prevent a release or entry of satisfaction from having operation. But, here, the United States was nominally the sole, and, in reality, a joint, plaintiff, and, as such joint plaintiff, had the right, so far as the defendant was concerned, to release the action or the judgment in it. It was mentioned by Parsons, C. J., in Wilson v. Mower, and stated by Morton, J., in Eastman v. Wright. above cited, that, if a joint promisee unjustly releases an action, to the injury of others, they have a remedy by action. Whether Carlisle has a remedy otherwise than upon his motion, is not in question here. The only question is, as to whether the United States could release the action on the bond belonging to the United States and Carlisle. For the reasons stated it is considered that the release was valid, and the motion is denied.