### The Saunders.

*(Circuit Court, S. D. New York. March 24, 1885 )*

ADMIRALTY PRACTICE—APPEAL.—OFFER OF TESTIMONY WITHHELD BELOW.

    An appellant will not be allowed to produce testimony upon appeal which he has deliberately withheld in the court below.

Motion to Suppress Depositions.

*E. D. McCarthy*, for libelant.

*Thos. L. Ogden*, for appellee.

*Butler, Stillman & Hubbard*, for the Saunders.

WALLACE, J. The appellee moves to suppress the depositions of witnesses taken in this court, by the appellant because, although the witnesses were present at the instance of the appellant at the hearing in the district court, they were not examined. It is insisted that a party should not be allowed to produce upon appeal testimony which he has deliberately withheld in the court below.

Although appellate courts in admiralty treat an appeal as a new trial, and exercise great liberality in permitting new proofs and new pleadings in furtherance of justice, they are not constrained by any arbitrary rules which require them to receive testimony which ought to have been produced but was not produced in the court of original jurisdiction. In the case of *The Maybey*, 10 Wall. 419, 13 Wall. 738, the supreme court refused to allow a commission to examine witnesses because no excuse was shown in the moving papers why the wit-

nesses were not examined in the courts below. See, also, *The Boston*, 1 Sumn. 331; *Coffin* v. *Jenkins*, 3 Story, 120; *Taylor* v. *Harwood*, 1 Taney, 438. In *Farrell* v. *Campbell*, 7 Blatchf. 158, NELSON, J., held that where the appellant declined to appear upon the hearing in the district court, upon the refusal of that court to postpone the hearing, he could not be permitted to contest the merits of the decree on appeal.

If parties are permitted to withhold evidence in the district court, take the chances of success without it, and then avail themselves of it by appeal in case of failure, the practice would tend to intolerable abuses. It would be unjust to the adverse party, because he might prefer to abandon his case if the testimony had been presented, rather than incur further expense and labor in litigating. It would be trifling with the court of original jurisdiction by invoking its decision upon an hypothetical case while withdrawing the real case from consideration. It would impose unnecessarily upon a court of appellate jurisdiction the duty which appropriately belongs to a court of original jurisdiction.

The authorities referred to justify the granting of the motion.