## THE HAVILAH.

### PRATT v. THE HAVILAH.

### COOMBS et al. v. SAME.

*(Circuit Court of Appeals, Second Circuit. October 31, 1891.)*

**CIRCUIT COURT OF APPEALS—ADMIRALTY APPEALS.**
Act Cong. Feb. 16, 1875, "to facilitate the disposition of cases in the supreme court," provides that after the passage thereof the circuit courts in deciding admiralty causes shall make separate findings of fact and of law, and that, on appeal to the supreme court, the review shall be limited to questions of law apparent on the record or presented by a bill of exceptions. *Held*, that although the act establishing the circuit court of appeals (Act Cong. March 3, 1891) declares that "all provisions of law now in force regulating the methods and system of appeals and writs of error" shall regulate appeals and writs of error to that court, yet the act of 1875 does not apply to appeals in admiralty from the existing circuit courts to that court, and the same may be heard without separate findings of fact and of law, and without bills of exceptions, as in appeals from the district to the circuit courts.

Appeal from the circuit court of the United States for the southern district of New York.

Libel by Edwin N. Pratt, as master, etc., of the schooner Helen Augusta, against the brig Havilah, her tackle, etc. Decree below for libelant. Lincoln Coombs and others, claimants, appeal. Heard on motion to dismiss the appeal. Motion overruled.

*Henry Arden*, for the motion.

*Robert D. Benedict*, opposed.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. This is an appeal from a decree of the circuit court affirming a decree of the district court for the southern district of New York in an admiralty cause. 33 Fed. Rep. 875. The cause was heard by the circuit court subsequent to July 1, 1891. A motion has been made to dismiss the appeal. The motion proceeds upon the ground that no findings of fact were made by the circuit court upon the decision of the cause; that no exceptions appear in the record; and that this court, in reviewing appeals in admiralty, is limited to a determination of the questions of law arising upon the record, and to such rulings of the court below, excepted to at the time, as are presented by a bill of exceptions. Prior to the act of February 16, 1875, "to facilitate the disposition of

cases in the supreme court and for other purposes,"[1] neither special findings of facts nor exceptions were a necessary part of the record upon an appeal in an admiralty cause, and the hearing in the supreme court and in the circuit court was a trial *de novo*. It was the purpose of that act to relieve the supreme court from the necessity of deciding questions of fact in admiralty causes, and the provisions whereby findings of facts and conclusions of law were required to be separately stated by the circuit courts had no application to cases which could not, because the amount in controversy was insufficient, be reviewed by the supreme court. *Vitrified Pipes*, 14 Blatchf. 279; *Richards* v. *Hansen*, 1 Fed. Rep. 67. Obviously that act does not apply to an appeal to the circuit court of appeals. The eleventh section of the act of March 3, 1891, establishing the circuit court of appeals, provides that "all provisions of law now in force regulating the methods and system of review through appeals or writs of error shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit courts of appeals." By the act appeals in admiralty henceforth lie direct from the district court to the court of appeals, and no method or system of review by findings or bill of exceptions was in force for the review by appeals in admiralty from the district court when the act was passed. It would be unreasonable to hold that congress intended a different practice to apply to the limited number of cases where appeal lies from the circuit court to the circuit court of appeals (solely because they were pending and undecided when the act was passed) from that which would apply to appeals in admiralty from the district court. As the act of 1875 provided a method and system of review, through appeals, only for such cases in the circuit court as went to the supreme court, there seems no good reason for extending the general language of the eleventh section of the new act to cover cases in the circuit court which are not to go to that tribunal.

[1] The act of 1875 provides, among other things, "that the circuit courts of the United States, in deciding causes of admiralty and maritime jurisdiction on the instance side of the court, shall find the facts and the conclusions of law upon which it renders its judgments or decrees, and shall state the facts and conclusions of law separately. * * * The review of the judgments and decrees entered upon such findings by the supreme court upon appeal shall be limited to a determination of the questions of law arising upon the record, and to such rulings of the circuit court, excepted to at the time, as may be presented by a bill of exceptions prepared as in actions at law."