### THE PHILADELPHIAN.

### LEWIS et al. v. TRANT.

(Circuit Court of Appeals, First Circuit. February 23, 1894.)

No. 66.

1. ADMIRALTY APPEALS — METHOD OF REVIEW IN CIRCUIT COURTS OF APPEAL.
    The provision of the judiciary act of February 16, 1875, which took from the supreme court the power to review the findings of fact on admiralty

appeals, does not apply to the circuit courts of appeal, at least in so far as they receive such appeals from the district courts. The Havilah, 1 C. C. A. 77, 48 Fed. 684, followed.

**2. SAME—PROOFS BELOW REDUCED TO WRITING.**

Unless the proofs in instance causes in the district court which are intended for review in the circuit court of appeals are in some form reduced to writing, or an equivalent therefor is found in the record, the court will decline to try the facts anew.

**3. SAME—AMENDMENTS ON APPEAL.**

Amendments in matters of substance on appeals in instance causes cannot be allowed in the circuit courts of appeal. The Mabey, 10 Wall. 419, followed.

**4. SAME—EVIDENCE IN COURT OF APPEALS.**

Touching further proof in the court of appeals in instance causes.

Appeal from the District Court of the United States for the District of Massachusetts.

These are two admiralty cases brought to recover damages arising from a collision in Boston harbor April 27, 1892, between the steamship Philadelphian and the schooner Lizzie Williams. The libel in the first case was filed May 31, 1892, by the members of the crew of the Lizzie Williams and one Joseph Welch, also on board the Lizzie Williams at the time of the collision, to recover for loss of personal effects and for other damages resulting from the collision; and the libel in the second case was filed June 1, 1892, by Otis H. Wiley and others, owners of the Lizzie Williams, to recover loss of vessel and other damages resulting from the collision. The two cases were consolidated by order of the district court, and on February 8, 1893, the libels were dismissed with costs. The libelants jointly appealed to the circuit court of appeals, and duly entered their appeal, March 24, 1893. December 7, 1893, the appellants filed this motion to introduce additional evidence, and the same has been heard on briefs and oral argument.

Frederic Dodge, for appellants.

L. S. Dabney and F. Cunningham, for appellee.

Before COLT and PUTNAM, Circuit Judges.

PUTNAM, Circuit Judge. This is an application for leave to take and file further proof in this court on an admiralty appeal.

Section 11 of the act establishing this court directed that all provisions of law in force, regulating the methods and system of review through appeals or writs of error, shall regulate the methods and system of appeals and writs of error provided for in that act in respect to this court. The act of February 16, 1875, (18 Stat. 315,) took from the supreme court the review of findings of fact in admiralty appeals; but it was necessarily limited to appeals from the circuit courts, as those courts alone were directed by that statute to find the facts in such way as would render it practicable for the supreme court to dispose of questions of law only. Therefore, it is not applicable to this court, at least in so far as it receives appeals in admiralty from the district courts; and such has been its uniform practical construction, not only with reference to such appeals,

but also with reference to those from circuit courts. The Havilah, 1 C. C. A. 77, 48 Fed. 684.

Section 30 of the act of September 24, 1789, (1 Stat. 89,) contemplated that, on appeals in admiralty from the district to the circuit courts, the same witnesses who were examined in the former might be re-examined in the latter. It enacted that the testimony of any witness might be taken down by the clerk of the district court, to be used in the circuit court, unless it should appear that, for the reasons therein stated, the witness could not attend the trial on appeal. This provision of law was omitted in the revision of 1874; but there is nothing in its omission to indicate any change of legislative intention in the particular referred to. It was probably regarded as rendered unnecessary by Rev. St. § 862, although the commissioners are silent on this point. See Blease v. Garlington, 92 U. S. 1, 6. The supreme court has promulgated anew, since the Revised Statutes, rules of practice in admiralty Nos. 49 and 50, containing the same recognition as the act of 1789 of the right to take proofs de novo in admiralty appeals in the circuit court.

The counsel have cited many authorities touching the proposition that formerly an appeal was to be regarded in the circuit court as a proceeding de novo, in which new proofs might be taken ad libitum, without reference to the proceedings in the court appealed from, unless so far as the proofs there had been preserved and transmitted to the appellate tribunal. We think the proposition is established in its general aspects, not only by the statute of 1789, already referred to, but otherwise. This result necessarily flows from the fact that there has never been any statute, nor any rule of the supreme court, providing for the preservation of the proofs taken viva voce in the district court, except the statute of 1789, and in most circuits there has been no rule of either the district or circuit courts for that purpose. Therefore, notwithstanding some apparent expressions of Judge Story otherwise, through a recognition of the rules of the civil law, we accept for this, in its fullest sense, the language used in The Lucille, 19 Wall. 73, and repeated in The Charles Morgan, 115 U. S. 69, 75, 5 Sup. Ct. 1172: "A new trial, completely and entirely new, with other testimony and other pleadings if necessary, or if asked for." If The Saunders, 23 Fed. 303, and The Stonington and The Wm. H. Payne, 25 Fed. 621, hold otherwise, it must be attributed to the fact that in the southern district of New York there has existed, since 1838, a system of rules providing carefully for the preservation of proofs in the district court, and touching their use on appeal, and to the further consequent fact that under these rules the practice, in that district, of preserving the proofs in the court of first instance, is so uniform that the possibility of their not being preserved would not be likely to impress itself on the court.

In The Stonington and The Wm. H. Payne, Mr. Justice Blatchford merely followed The Saunders, without approving it. He necessarily disapproved it in the following, which is found in Irvine v. The Hesper, 122 U. S. 256, 266, 7 Sup. Ct. 1177:

"The claimants not having appealed to the circuit court, it is suggested that they are liable for at least the amount awarded by the district court, and that the circuit court could not reduce that amount, but had jurisdiction, on the actual appeal, only to increase it. It is well settled, however, that an appeal in admiralty from the district court to the circuit court vacates altogether the decree of the district court, and that the case is tried de novo in the circuit court. Yeaton v. U. S., 5 ,Cranch, 281; Anon., 1 Gall. 22, Fed. Cas. No: 444; The Roarer, 1 Blatchf. 1, Fed. Cas. No. 11,876; The Saratoga v. Four Hundred and Thirty-Eight Bales of Cotton, 1 Woods, 75, Fed. Cas. No. 12,356; The Lucille, 19 Wall. 73; The Charles Morgan, 115 U. S. 69, 75, 5 Sup. Ct. 1172. We do not think that the fact that the claimants did not appeal from the decree of the district court alters the rule. When the libelants appealed, they did so in view of the rule, and took the risk of the result of a trial of the case de novo. The whole case was opened by their appeal, as much as it would have been if both parties had appealed, or if the appeal had been taken only by the claimants."

It, follows, therefore, that, whatever may be the rule in prize causes, the necessities of the position, while admiralty appeals were by law taken from the district to the circuit courts, rendered inapplicable, in the latter courts, the peculiar principles of the civil law touching new proofs on appeal. Neither do we find any reference to the civil law in the later adjudications of the supreme court, concerning new proofs on appeal to that tribunal in admiralty causes on the instance side. No conclusions were drawn from it in The Mabey, when first reported in 10 Wall. 419. So, the practice of the supreme court in refusing substantial amendments in that court in instance causes in admiralty, as further stated in The Mabey, (page 420,) was certainly not in harmony with the civil law, which was liberal in that respect on appeal. The Marianna Flora, 11 Wheat. 1, 38. The reluctance of the supreme court in regard to each particular no doubt grew out of the contemplation of the practical difficulties which would otherwise surround it and its litigants, though in the second report of The Mabey, 13 Wall. 738, it was further said that, if parties were induced to keep back their testimony in the subordinate courts, the effect would be to convert the supreme court into a court of original jurisdiction. Therefore, the substantial questions which we have now to consider are whether that part of the act establishing this court which directs that certain provisions of law regulating appeals shall apply to appeals to it, adopts, for the purposes now under consideration, the methods and system relating to appeals to the supreme court, or those relating to appeals to the circuit courts, and, if the former, whether we should, for convenience, adopt rule 12 of the supreme court, touching further proof, or what, for convenience, we should promulgate in lieu thereof.

As the appeals which we have to consider come in large part from the circuit courts, it is to be presumed that our proceedings touching them are, so far as practicable, regulated by the provisions of law concerning appeals from that court, and not those to it. Rule 8 of this court, framed with the approval of the justices of the supreme court, conforming our practice to that of the latter court, so far as applicable, carries a strong implication in that direction; and we have no doubt on the point. Neither have we any doubt that the closing paragraph of Rev. St. § 698, prohibiting the recep-

tion of new evidence in the supreme court on appeal, except in admiralty and prize causes, and the implication which it contains, apply to this court. The act of February 16, 1875, already referred to, rendered that paragraph inapplicable to appeals from the circuit courts to the supreme court, but left it in force with that exception, and did not repeal it. Neither have we any doubt that the act of March 3, 1803, (2 Stat. 244,) now Rev. St. § 698, and elsewhere, applies to appeals to this court. In 1833, Judge Story held in The Boston, 1 Sumn. 328, 332, Fed. Cas. No. 1,673, that this statute required proofs in the circuit court, in cases intended for appeal, to be reduced to writing; and accordingly, June 8, 1846, several years before the supreme court promulgated its admiralty rules 49 and 50 on the same topic, he directed as follows: "In all causes in admiralty the testimony shall be in writing, unless, for special cause shown, the court shall allow witnesses to be examined orally upon the stand." This is now known in the rules of the circuit court for this circuit as "Additional Rule 10."

Conk. Adm. Pr. (2d. Ed.) p. 422, and sequence, criticises Judge Story in this particular; but the criticism is practically limited to his requirement that the new proofs should be by depositions, as on page 425 the work cites without disapproval—indeed, with qualified approval—a rule of long standing, in fact since 1838, in the second circuit, requiring proofs in the circuit court to be reduced to writing from the notes of the trial. Moreover, it appears by the Addenda to the treatise under consideration (page 608) that the learned author omitted to consider in the proper place the supreme court rules in admiralty Nos. 49 and 50. As these were adopted in 1851, they must have found their support in the act of 1803, because so much of the act of 1789 as required the examination of witnesses in open court was not expressly repealed until the revision of 1874, § 862. Blease v. Garlington, 92 U. S. 1, 6.

We are therefore satisfied that the act of March 3, 1803, in its revised form, (Rev. St. § 698,) with the practical construction put on it by Judge Story and by the supreme court rules in admiralty Nos. 49 and 50, so far as it required that the proofs in the court of the first instance be in some way reduced to writing in cases intended for a review of the facts on appeal, applies to appeals to this court. We have, however, no power to prescribe rules for the district courts, as Rev. St. §§ 862, 913, vest this in the supreme court, and it has in no part been transferred to us. We will notice that matter in the rules which we intend to promulgate with this opinion; but in any case in which all the proofs are not reduced to writing in the district court, and no equivalent is found in the record, we have no power except to decline to try the facts anew. Moreover, the rules to be promulgated herewith must not be construed as permitting taking anew oral proofs taken in the district court, and not preserved in the record.

We agree fully with the court of appeals in the second circuit that the power given by the second section of the act creating this court, to establish rules and regulations for the conduct of its business, authorizes us to promulgate rules covering this topic, to stand

for this court as the supreme court rule No. 12, touching further proof in that court, stood for it.    The history of this rule, and of the practice of the supreme court out of which it arose, and also the history of its application with reference to the discretion which that court has used in regard to the authorization of further proofs in particular cases, show that the whole subject-matter is flexible, and molds itself to the peculiar necessities of the appellate tribunal and of its suitors, as they change from time to time.    The rule was not adopted till 1817.    2 Wheat. vii.    Prior thereto, witnesses were sometimes examined viva voce in the supreme court.    U. S. v. The Union, 4 Cranch, 216; The Samuel, 3 Wheat. 77.    The general principle requiring some "excuse satisfactory to the court" for not taking, in the court below, the proofs asked to be taken in the supreme court, is sufficiently stated in The Mabey, 10 Wall. 419, 420.    It is also well expressed by Judge Story in Coffin v. Jenkins, 3 Story, 108, 120, Fed. Cas. No. 2,948, to the effect that the appellate tribunal ought to be "very cautious in admitting any new matters."    The amount of business in this court does not require that in the rules to be promulgated on this topic we should do more than protect the spirit of these citations, and guard litigants from delays in the trial of appeals.

Following The Mabey, 10 Wall. 419, amendments in matters of substance on appeals in instance causes cannot be granted in this court, and with reference to that topic we must follow the practice laid down in that case.    Page 420.

In consideration that the practice touching the subject-matter of this opinion has not been settled heretofore, we have not particularly scrutinized the circumstances of this application.    The Mabey, 13 Wall. 738, 741.

The motion to introduce additional proofs, filed December 7, 1893, is allowed.