## THE COLUMBIA.

### SHORT et al. v. THE COLUMBIA.

(Circuit Court of Appeals, Ninth Circuit. May 6, 1895.)

#### No. 172.

ADMIRALTY APPEALS—NONJOINDER OF PARTIES—LIMITATION OF LIABILITY.

All persons who file claims for damages in a proceeding for limitation of liability are interested adversely to the owner in respect to a decree which limits his liability; and where such petitioners are not treated, in the proceedings, as adverse to each other, part of them cannot maintain alone an appeal from such decree, in the absence of any proceedings to effect a severance of their interests.

Appeal from the District Court of the United States for the District of Oregon.

This was a petition by the Oregon Railway & Navigation Company and the Oregon Short Line & Utah Northern Railway Company for limitation of liability in respect to damages occasioned by the wrecking of the barge Columbia. A number of parties filed claims for damages, and the district court entered a decree limiting the liability of the owners to the amount of $100. From this decree some of the petitioners have appealed.

C. E. S. Wood and Nathan H. Frank, for appellants.

W. W. Cotton, for appellee

Before McKENNA, Circuit Judge, and HANFORD and HAWLEY, District Judges.

HANFORD, District Judge. This cause was commenced in the United States district court for the district of Oregon by the Oregon Railway & Navigation Company and the Oregon Short Line & Utah Northern Railway Company, under and pursuant to sections 4283–4285 of the Revised Statutes of the United States, and admiralty rules 54–57, to obtain a decree limiting the liability of said libelants for the losses occasioned by the wrecking of the barge Columbia. Robert Balfour, Stephen Wilson, Alexander Guthrie, Robert Brodie, Forman R. Bruce, and Walter J. Burns, partners in business under the firm name of Balfour, Guthrie & Co., Malvina Short, as the administratrix of the estate of Marshal B. Short, deceased, Sven Anderson, as administrator of the estate of John August Peterson, deceased, Anna C. Larsen, mother of said Peterson, and William Boyce, in his own behalf, appeared in the district court, made proof of their respective claims for damages, and contested the right of said libelants to the relief prayed. By the decree the total liability was fixed at $100, that amount being the appraised value of the wrecked vessel; and the same was divided into three equal parts, and awarded as follows: To Malvina Short, Sven Anderson, and Anna C. Larsen, $33.33, to William Boyce $33.33, and to the firm of Balfour, Guthrie & Co., $33.33. An attempt has been made by Balfour, Guthrie & Co., in their firm name, jointly with Malvina Short and Sven Anderson, in their respective characters as administratrix and administrator, to appeal from said decree, and at the instance of said parties a transcript of the record has been filed and the cause docketed in this court. Anna C. Larsen and William Boyce, parties to the decree, did not join the appellants in taking an appeal, nor refuse to join therein, nor waive their right to appeal. They are not treated in the proceedings as adverse parties to the appellants. No request to join in the appeal was made to them, and the court below did not make an order of severance. The petition for allowance of the appeal, notice of appeal, and citation were served upon the libelants, but not served upon Mrs. Larsen or Boyce. The rules promulgated by the supreme court, above referred to, make all persons having claims for damages growing out of a marine casualty proper parties to any proceeding to limit the liability of the owner of the vessel, so that the entire subject-matter may be fully and finally adjudicated

in one proceeding. Providence & N. Y. S. S. Co. v. Hill Manuf'g Co., 109 U. S. 578–607, 3 Sup. Ct. 379, 617. For similar reasons, when an appeal is taken, it is essential to the jurisdiction of the appellate court that each party having a right to be heard upon a review of the case should be brought before the court, or lawfully estopped from continuing the litigation. In every such case all the injured persons have a common interest in the main question as to the right of the owner to limit his liability, and, if judgment passes in his favor as to that question, they all are entitled to share in the distribution of the common fund arising from the sale of the vessel, or the payment into court of the appraised value thereof; and each person who appears and submits a claim for the court to pass upon has a right to appeal from a decision in favor of the owner. If Balfour, Guthrie & Co., and Mrs. Short and Anderson can prosecute this appeal without being joined by Mrs. Larsen and Boyce, then the two last named may each prosecute an appeal separately, or at least their right to do so continued for some time after this case had been docketed in this court. The supreme court has announced and re-iterated several times the rule that separate appeals to that court, by several parties asserting interests in common affected by a single decree, cannot be permitted, and has enforced the rule by dis-missing appeals when necessary parties were not joined, nor barred of their right to appeal by refusing to join after due notice. Owings v. Kincannon, 7 Pet. 402; Masterson v. Herndon, 10 Wall. 416; Hampton v. Rouse, 13 Wall. 187; Simpson v. Greeley, 20 Wall. 152; Sipperley v. Smith, 155 U. S. 86, 15 Sup. Ct. 15. These decisions declare a rule of law which governs this court in the exercise of its powers. By the eleventh section of the act creating this court it is expressly provided that all provisions of law regulating the practice and system of review through appeals and writs of error shall regulate the method and system of appeals and writs of error provided for in said act in respect to the circuit court of appeals. 2 Supp. Rev. St. (2d Ed.) 905 (11 C. C. A. xix.). If we ignore the irregularity of the proceedings in the firm name of Balfour, Guthrie & Co. without naming the individuals composing the firm, still the appeal should be dismissed because of the nonjoinder of Mrs. Larsen and Mr. Boyce. No lawful appeal has been taken, and this court is without jurisdiction to pass upon the merits of the cause. Appeal dismissed.