THE GLIDE.

HUDSON v. GRAFFLIN.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1896.)

No. 135.

1. ADMIRALTY APPEALS—DECREE AGAINST STIPULATORS—APPEAL BY CLAIMANT ALONE.

The sureties in a stipulation for the release of a vessel are not parties to the cause, though they are bound by the decree. Hence, where the decree is adverse to the stipulators, the claimant may appeal alone without any proceedings to effect a severance.

2. SAME—DEFECTIVE RECORD—ORAL TESTIMONY.

An admiralty cause was tried in the district court for the district of Maryland upon oral testimony alone, there being no rule in that district requiring the testimony to be reduced to writing. An appeal was taken, but, as no notes of the evidence had been preserved, it could not be included in the record. The proctor for the appellant sought to supply the omission by retaking the testimony of the witnesses before a notary, first giving notice to the proctors on the other side. The latter declined to be present, and, when the testimony was submitted to the judge, he declined to certify that it was the purport of the testimony taken before him. The record was filed in the appellate court with these depositions attached. *Held*, that the judge below properly refused to make the requested certificate; that the depositions could not be considered on appeal; and that, under the peculiar circumstances, the appellate court would not hear the case de novo, but would remand it without prejudice, and with instructions to grant a new trial, with a statement, however, that this proceeding is not to be regarded as a precedent, and that in future the party by whose omission the testimony is not taken, so that it can be incorporated in the record, must suffer the consequences.

Appeal from the District Court of the United States for the District of Maryland.

Motion to dismiss the appeal. Leave to take testimony pending the appeal was heretofore granted. 15 C. C. A. 627, 68 Fed. 719.

Robert H. Smith, for appellant.

Frank Gosnell, for appellee.

Argued before GOFF and SIMONTON, Circuit Judges, and BRAWLEY, District Judge.

SIMONTON, Circuit Judge.   This case comes up on a motion to dismiss an appeal from the district court of the United States for the district of Maryland, sitting in admiralty.

On 21st August, 1894, George W. Grafflin filed his libel against the barge Glide for damages to a cargo of fertilizers shipped by him on the barge.   George P. Hudson intervened as managing owner and claimant.   On 23d August she was released from arrest upon stipulation by George P. Hudson, with Samuel G. Rowland and Joseph B. Seth, sureties on the stipulation.   The cause was heard upon oral evidence, in open court; but no part of it was reduced to writing, nor were any official notes of it taken.   There is no rule or practice in the district court for the district of Maryland making it indispensable to reduce the testimony of an admiralty cause to writing.   On 13th April, 1895, a decree was signed in favor of Grafflin, "that Samuel G. Rowland, George P. Hudson, and Joseph B. Seth, stipulators for the barge Glide, pay to George W. Grafflin, libelant, $1,380.20 and costs, within 10 days from the date of the decree."   The Glide, pending the suit and previously to the trial, had been sunk, and made a total wreck.   In a short time after the entry of the decree, a petition for leave to appeal was filed by George P. Hudson, styling himself managing owner and claimant of the barge Glide.   The stipulators did not appeal; nor has there been any severance.   The appeal was perfected.   In making up the record, the testimony taken at the trial could not be included in the record for the reasons stated.   The respondent, on the part of his client, endeavored to rectify the omission by taking de novo, before a notary public, the evidence of the witnesses who had testified in his behalf, giving notice to the proctors of the libelant of his intention so to do, and of the time and place selected.   These gentlemen declined to be present.   When the testimony was taken, it was submitted to his honor, the district judge, with the purpose of obtaining his certificate to the fact that this was the purport of the testimony, or at least of a part of the testimony, taken before him.   The district judge refused to give this certificate—First, because he knew of no law or practice which would justify him in doing so; and, second, because he could not, from his recollection or notes, certify that the testimony of the witnesses so taken was, in substance, the same as given before him.   The record has come into this court without any of the testimony actually taken at the trial, and with no statement of it, except said depositions.   The appellee (libelant below) moves to dismiss the appeal—First, because, the decree being against the stipulators jointly, and not against the barge Glide, the appeal is taken by George P. Hudson, managing owner of the Glide, alone, and not by any of the stipulators, without proof of severance; second, because the record does not contain any of the evidence taken at the trial.

As to the first ground:   It is unquestionably true that all parties against whom a joint judgment or decree is rendered must join in the application for writ of error or appeal, or the record must show

that those who have not joined have had notice of the application, and have either refused or neglected to join. Beardsley v. Railway Co., 158 U. S., at page 127, 15 Sup. Ct. 786; Estis v. Trabue, 128 U. S., at page 229, 9 Sup. Ct. 58; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39; The Columbia, 15 C. C. A. 91, 67 Fed. 942. Formerly, a formal writ or summons and judgment of severance was required. Now, it is enough to show that the parties had been notified in writing by due service, and notwithstanding do not join. Hardee v. Wilson, supra. But this rule evidently applies only to the parties on the record. Sureties to a stipulation are not parties to the record. When a vessel is attached by proceedings in rem, the owner, or some one on his behalf, files his claim to her, and thenceforward becomes a party to the record, and conducts and controls the defense. Lane v. Townsend, 1 Ware, 289, Fed. Cas. No. 8,054. If he be minded to release her from the arrest, he enters into a stipulation, with sureties, either before or after he files his answer, and thenceforward this stipulation represents the vessel. But the sureties in the stipulation do not become parties. Her subsequent fate does not concern the suit. The stipulation having been returned to the court, judgment thereon against both the principal and the sureties may be recovered at the time of rendering the decree in the original cause. Rev. St. U. S. § 941.

The twenty-first rule in admiralty says:

"In all cases of a final decree for the payment of money, the libellant shall have a writ of execution in the nature of a fieri facias, commanding the marshal or his deputy to levy and collect the amount thereof out of the goods and chattels, lands, tenements or other real estate of the defendant or stipulator."

So, also, by the terms of the stipulation, the sureties consent and agree to pay into court the full amount of the stipulation upon notice of the order or decree of the court, or that execution may issue against their goods, chattels, and lands. Ben. Adm. 649.

This is also the rule as laid down in Clerke's Practice in Admiralty (title 64):

"Decree having been entered against the principal, it should be executed against his sureties without any other process."

In Williams & B. Adm. Jur. p. 286, the rule is thus stated:

"The sureties are only liable to answer the judgment of the court, and they cannot be called upon to pay more than the sum recovered in the suit, together with costs adjudged against the defendant. To this extent, as soon as the defendant has made default, their liability is absolute, because the security is not a mere personal security given to the plaintiff, but it is a security given to the court as a pledge or substitute for the property proceeded against. But the sureties are not parties to the suit, and they are not entitled to interfere in any stage of the proceedings, although, if the defendant be guilty of fraud or there is any collusion between him and the adverse suitors, the sureties are entitled to apply to the court alleging such fraud or collusion."

For an exhaustive and learned discussion of this matter, see Lane v. Townsend, 1 Ware, 289, Fed. Cas. No. 8,054.

In other words, the sureties, in great measure, stand in the position of bail to the action. They are not parties to the cause. They

are represented by the claimant; they covenant to pay such decree as may be made against him; and the decree against him binds them. The Belgenland, 108 U. S. 153, 2 Sup. Ct. 864. See The Ann Caroline, 2 Wall. 549; The Wanata, 95 U. S. 600; The Alligator, 1 Gall. 145, Fed. Cas. No. 248. The form of decree entered in the district court is strictly within the law and practice of courts of admiralty.

If questions arise between the stipulators as to their relative liability, they may, it seems, come in and be made parties actively. See The Elmira, 16 Fed. 133. The invariable practice in this circuit certainly, and it is believed in other courts, is that the claimant in cases like this takes upon himself the whole defense, both in the lower courts and in the supreme court, and the sureties on his stipulation are bound by the result.

The next ground for the motion is that the record does not contain any of the evidence taken at the trial in the district court. This is strictly correct. The affidavits taken by the respondent after the trial of what the witnesses say they testified at the trial are in no sense evidence taken at the trial. We fully concur with the district judge that there is no law or practice which would justify him in granting the certificate asked by proctors for the claimant. The rule 14 of this court (clause 6) [1] requires that the record in cases of admiralty and maritime jurisdiction shall be made up as provided in general admiralty rule No. 52 of the supreme court. This rule No. 52 requires that the record shall contain the testimony upon the part of the libelant and the testimony on the part of the defendant, unless the parties agree, by their proctors, by written stipulation, that it may be omitted. There is no such stipulation here. Clearly, the record is incomplete. This court cannot pass on the merits of the case. Nor, in the absence of a stipulation by counsel, is it possible to supply the omission. We must have the evidence taken at the trial. It is impossible to obtain this. The judge who tried the case cannot recall it. The proctor for claimant is unable to furnish it in such shape as will meet the approval of the other side. Nor can it be imputed as a fault to any one that this evidence is not forthcoming. There is no rule or practice in this district court requiring the reduction to writing of evidence used at the trial. Yet, without such evidence, great injustice may be done. If the appeal be dismissed on this ground, then the claimant will bear all the results of an omission for which he is not responsible. If we go on and hear the appeal, the appellee will be put at a great disadvantage, guiltless as he is of any default. This is an anomalous condition of things. But in a court of justice there should be no default of justice if it can by any possibility be prevented. It has been suggested that the case could be tried here de novo. We concur with the court of appeals in the Second circuit in The Havilah, 1 C. C. A. 77, 48 Fed. 684, and 1 U. S. App. 17, and with the circuit court of appeals of the First circuit in The Philadelphian, 9 C. C. A. 54, 60 Fed. 424, that this court can by the practice in admiralty

[1] 11 C. C. A. cv., 47 Fed. vii.

hear this case de novo. But this practice is one to be used cautiously, and in cases of extreme necessity. Besides this, there is much force in the objection taken in The Philadelphian, supra: "In any case in which all the proofs are not reduced to writing in the district court, and no equivalent is found in the record, we have no power except to decline to try the facts anew."

There being no precedent for or against the course which suggests itself to us, we will pursue it. That is to remand the case without prejudice to the court below, with instructions to grant a new trial. We have no right to prescribe any rule for the district courts, and have no desire to dictate to them. It is suggested, however, as a convenient practice, that some rule be made requiring the testimony, or at least the substance of the testimony, taken at the trial in a cause of admiralty and maritime jurisdiction, to be reduced to writing. Parties to such cases are notified that the present case cannot be relied on as a precedent, and that in the future the party through whose omission or neglect the testimony or any part of it taken at the trial is not before this court, when the cause comes up on appeal, must suffer the consequence. Cause remanded, without prejudice, for a trial de novo in the district court.