## BROWN v. NORFOLK & W. RY. CO.

Circuit Court of Appeals, Fourth Circuit.
June 3, 1927.

No. 2537.

1. **Master and servant** ⬅️137(4)—**Railroad held not liable for death of employee, carrying commercial coal taken from car in railroad yard in violation of instructions.**

Where mason's helper of railroad bridge repair crew, who was also "kitchen flunkey" on camp train, while camp train temporarily stopped in railroad yard on its way to take crew to repair a bridge, and while he was carrying commercial coal taken from cars in yard, which coal employees were forbidden to use, was killed by a passenger train running 35 miles an hour, *held*, that railroad was not liable for negligence, in view of evidence that station signal was sounded by locomotive, and that as soon as engineer discovered decedent's perilous position he applied his brakes and did everything in his power to avoid injuring him.

2. **Appeal and error** ⬅️714(2)—**Appellate court cannot consider as part of record matters considered in other cases not before it.**

Appellate court cannot consider as part of record matters considered in other cases not before it.

In Error to the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay McDowell, Judge.

Action by W. L. Brown, as administrator of the estate of W. E. Brown, deceased, against the Norfolk & Western Railway Company. Judgment for defendant (12 F. [2d] 319), and plaintiff brings error. Affirmed.

William H. Werth, of Tazewell, Va., for plaintiff in error.

S. K. Funkhouser, of Roanoke, Va., and Joseph M. Sanders, of Bluefield, W. Va. (F. M. Rivinus, of Philadelphia, Pa., Funkhouser & Apperson, of Roanoke, Va., and Sanders, Crockett, Fox & Sanders, of Bluefield, W. Va., on the brief), for defendant in error.

Before ROSE and PARKER, Circuit Judges, and McCLINTIC, District Judge.

PER CURIAM. Plaintiff's intestate, W. E. Brown, was employed by defendant as a member of a mason's crew, and at the time of his death was being transported, with other members of the crew, on a "camp train," to repair a bridge used in interstate commerce. He had been assigned to the position of "kitchen flunkey" on the camp train, and as such he had, in addition to his duties as mason's helper, the duty of keeping the kitchen and dining car supplied with water and coal. The train made a temporary stop at the Flat Top railway yard to enable the shifting engine which was pulling it to do certain shifting in the yard. During this stop the crew had no duties to perform, but were directed to remain in the cars, as the train was liable to be moved towards its destination at any moment. While the train was standing in the Flat Top yards, decedent took a sack and crossed the main line railway tracks to a third track, upon which stood some cars loaded with commercial coal, which the employees of defendant had been forbidden to use. He climbed upon one of the cars, placed a bushel or more of coal in the bag, and threw it to the ground. He then climbed down from the car, picked up the bag of coal, and started across the track, when a bystander hallooed to him that a train was approaching. Before he could get out of the way he was struck and killed by the train, which was a regular passenger train running at the rate of 35 miles an hour.

[1] At the conclusion of the evidence the District Judge directed a verdict for the defendant, on the ground that the evidence did not disclose that the defendant was guilty of any negligence. Without adopting all of the reasoning of the District Judge, we think

that this conclusion was correct. The evidence conclusively establishes that the station signal was sounded by the whistle of the locomotive, and that, as soon as the engineer discovered decedent in a perilous position, he applied his brakes and did everything in his power to avoid injuring him. We do not think that there is any evidence that the train was running at an excessive rate of speed. Plaintiff introduced a rule of defendant providing that, when within yard limits, trains must run with great care and under the control of the engineman. But the uncontradicted evidence established that this rule had no application to passenger trains, and had never been applied to them. [2] In this court plaintiff cited cases in which the company had relied upon the rule in question as applicable to passenger trains; but there was nothing of the sort in the record in this case, and we cannot consider as a part of the record what may or may not have been shown or done in a case not before us. We have carefully examined the record, and we fail to find any substantial evidence which would justify the conclusion that, in the operation of the train which struck and killed decedent, defendant failed to give proper signals or was guilty of other negligence.

The judgment of the District Court is accordingly affirmed.

Affirmed.

The late Circuit Judge ROSE, who sat in the hearing of this case, concurred in the decision that the judgment of the District Court should be affirmed, but died before this opinion was prepared.