**TYLER v. LOWE, Deputy Commissioner of United States Employees' Compensation Commission.**

No. 79.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1943.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for appellant.

E. C. Sherwood, of New York City (William B. Davis, of New York City, of counsel), for appellees.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff sustained injuries from an accidental explosion aboard the motor yacht Miralda upon which he was at work installing the motors. He filed claim for compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., against Capitol Marine Motors Company, Inc. The issue in dispute was whether Tyler was employed by the owners of the yacht or by the Capitol Company at whose dock she was tied up when he commenced work on her engines. After taking voluminous testimony the Deputy Commissioner rejected Tyler's claim on the ground that he was not an employee of Capitol at the time of the injury. The present suit was then brought against the Deputy Commissioner, the alleged employer and the latter's insurance carrier to set aside the findings of fact and the order denying compensation. The case was heard upon the complaint, the answer and a transcript of the testimony taken before the Deputy Commissioner. Judgment dismissing the complaint was entered on December 31, 1936. Thereupon this appeal was taken.

■ Relying upon Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, the appellant contends that the District Court erred in denying him a trial de novo upon the issue of employment. But the record does not support this contention. The case was submitted to Judge Moscowitz upon the pleadings and the record made before the Deputy Commissioner. The appellant argues that the trial judge did not independently weigh the evidence, as he must when the issue in dispute requires a trial de novo. It is true that the judge's memorandum of December 3rd indicates the view that he could not weigh the evidence but must decide only whether there was sufficient to sustain the Deputy Commissioner's findings. Assuming that this view is out of harmony with the rule of Crowell v. Benson, the error was cured before judgment was entered. On December 23rd the plaintiff moved for a rehearing and expressly argued in his motion papers that Crowell v. Benson requires the

court to review the evidence when the issue is of employment. Thereafter, on December 31st, the date on which the motion for rehearing was denied and the judgment entered, Judge Moscowitz made specific findings of fact and reached an independent conclusion that Tyler was not employed by the Capitol Company at the time of the injury. So it appears that the court did weigh the evidence before the judgment was entered.

■ So far as the record before us discloses neither upon submission of the case nor upon the motion for rehearing did the plaintiff request leave to submit evidence which the court refused to receive. The only evidence in the record is the transcript of testimony at the compensation hearing. The petition for rehearing contains a statement (paragraph 3) that the cause was submitted to the court by the plaintiff "upon the record of all the proceedings before said Deputy Commissioner and upon further evidence establishing the fact that the plaintiff was employed by the defendant, Capitol Marine Motors Company, Inc." No such further evidence has been included in the record. Again, paragraph 9 of the petition for rehearing calls the court's attention "to the evidence which was offered on this trial, which consisted of certified copies of records of the Federal Court, which should be reviewed by the Court in determining my claim." But the record contains no such certified copies. If Judge Moscowitz had before him evidence additional to the transcript of the proceedings before the Compensation Commissioner we have no reason to suppose that he did consider it; nor can we tell whether such additional evidence contained anything material to the issue of employment since the appellant has not included it in his record on appeal. We find nothing to indicate that a trial de novo was denied him.

■ The only question remaining is whether the District Court's findings of fact are so clearly erroneous that we must set them aside. Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c. On the contrary we think them clearly correct on the record before us.

■ The appellant's brief states that after dismissal of his complaint in the present suit he filed a claim for compensation against the owners of the yacht. This claim the Deputy Commissioner sustained

and made an award in favor of Tyler. The owners then brought a suit in the District Court for the Eastern District of New York which was heard before Judge Abruzzo and resulted in a judgment enjoining enforcement of the compensation award on the ground that Tyler was not in their employ. Thus, he has been found to be an employee of neither the owners nor Capitol, although it is clear that he was hired by one or the other. These asserted facts are not before us on the present appeal, and we are not at liberty to consider what may appear upon the record in the later suit. White v. Central Dispensary and Emergency Hospital, 69 App. D.C. 122, 99 F.2d 355, 359, 119 A.L.R. 1002; Brown v. Norfolk & W. Ry. Co., 4 Cir., 20 F.2d 133, 134, certiorari denied 275 U.S. 540, 48 S.Ct. 36, 72 L.Ed. 414. Both judgments may be correct upon their respective records, but they have placed the plaintiff in an unfortunate predicament. Accordingly in affirming the judgment now before us we grant leave to the plaintiff, if so disposed, to apply to the District Court to grant a new trial on the ground of newly discovered evidence if, as asserted, the later suit developed such evidence. We intimate no opinion as to the proper disposal of such a motion.

The judgment is affirmed, with leave to apply to the District Court as above stated.