Salvatore **MARTORANO**, Plaintiff,

v.

Thomas F. **HUGHES**, Deputy Commissioner Second Compensation District, Defendant.

No. 62 C 1063.

United States District Court
E. D. New York.

Oct. 3, 1966.

Abraham Markhoff, New York City (Markhoff, Gottlieb, Lazarus, D'Auria, Taylor & Maldonado, New York City, of counsel), for plaintiff.

Louis E. Greco, New York City, and Leavenworth Colby, Washington, D. C. (Joseph P. Hoey, U. S. Atty., of counsel), for defendant.

## MEMORANDUM

DOOLING, District Judge.

Plaintiff has sued to restrain the enforcement of an award made under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.) on the ground that the employer and employee relationship did not exist between plaintiff and the decedent, Richard Wipperman, whose death gave rise to the award. As Judge Rosling pointed out at an earlier stage of the case (222 F.Supp. 789, 790), if the action tested only the existence of substantial evidence to support the Deputy Commissioner's holding that the employment relation existed, the defendant would prevail. But plaintiff, relying on Crowell v. Benson, 1932, 285 U.S. 22, 64, 52 S.Ct. 285, 76 L.Ed. 598, demanded a trial of

that issue of fact on evidence presented in the District Court, Judge Rosling concluded that plaintiff was entitled to a trial (222 F.Supp. 789), and plaintiff accordingly appeared and testified on the issue of employment and offered certain documentary evidence. Defendant declined to cross examine, objected to all offers of evidence by plaintiff as unwarranted by law and offered the record before the Deputy Commissioner as its reliance and as the sole record with which the District Court was concerned. It stood, that is, on its contention that Crowell v. Benson is no longer authoritative.

It has been concluded that whether or not Crowell v. Benson determines the procedure, plaintiff cannot prevail. Findings of fact have been separately made.

█ 1. Treating the case first as procedurally governed by Crowell v. Benson, which may, for these purposes, be taken as requiring the District Court to accord plaintiff a judicial trial on the issue of the existence of the employment relation, the "record" must be either plaintiff's evidence and exhibits standing alone, or that material evaluated along with the administrative record (*Cf.* Tyler v. Lowe, 2d Cir.1943, 138 F.2d 867), and the latter appears the only course that it is reasonable to follow. The defendant did not, it is true, offer the administrative record for any such purpose nor did plaintiff offer it, but the record may not be considered for one purpose and ignored for another to which it is no less relevant; certainly that procedure will not be indulged as a tactic to isolate a test issue for trying out the status of Crowell v. Benson in this Circuit.

Crowell v. Benson considered that the parties were entitled to a judicial determination of the two issues of constitutional dimension that determine the availability of the Compensation Act, for the Court considered that unless the employment relation existed, the police power might not extend to imposing liability without fault and certain other incidents typical of workmen's compensation laws, and that unless the occurrence was within the admiralty and maritime jurisdiction, there was a want of federal legislative competency to act. The Court considered that such constitutional issues could not be disposed of by a bare judicial ascertainment that an administrative tribunal had an evidentiary basis for deciding them as it did, but rather required a direct judicial determination of the facts because they were determinative at once of the existence of any administrative power to act at all and of the constitutionality of applying the federal police power to the relation between the particular parties.

██ That, however, would not appear to require universally that there be a complete trial *de novo* of the two issues in the sense of a total re-enactment of the administrative hearing *viva voce*, supplemented freely with new evidence. The Court in Crowell v. Benson must have supposed that the issue would be tried administratively and that the record would be available, and the weight of the Court's decision is on the need for a judicial determination of the issues, and not on the particular form of the judicial procedure, provided it is truly a trial *de novo* evaluation and not an essentially appellate review on the law only. So much is all but implicit in Tyler v. Lowe, *supra*, where, admittedly, plaintiff sought no more than a judicial evaluation of the administrative record. But it can scarcely be that the administrative record can be put aside at the behest of either party, and altogether left out of the process of trial *de novo* simply because plaintiff eschews it and defendant offers it solely as the administrative record for review limited to ascertaining that substantial evidence supports the award.

A trial *de novo* can, as Tyler v. Lowe illustrates, be essentially like that on traditional admiralty appeals before McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. In admiralty an appeal suspended the lower court's decree pending trial *de novo* on

appeal. Yeaton v. United States, 1809, 9 U.S. (5 Cranch) 278, 3 L.Ed. 101; Untersinger v. United States, 2d Cir.1950, 181 F.2d 953, 956. See, e. g., The Sarah, 5th Cir.1892, 52 F. 233. The record could be supplemented on appeal, and evidence could be taken while the case was in the appellate court for use on appeal, although in the Supreme Court the practice was, or became, to require an explanation for the failure to take the evidence during trial or on the appeal to the Circuit Court, and to remand for that purpose in proper cases. See Steam Tug Mabey v. Atkins, 1870, 77 U.S. (10 Wall.) 419, 19 L.Ed. 963.

■ Plaintiff's own evidence at the trial lacked probative force. It did not suffice to establish the non-existence of an employment relation, because it was deficient in completeness and credibility. See Pittsburgh S. S. Co. v. Brown, 7th Cir.1948, 171 F.2d 175, 178–179; Cf. Crowell v. Benson, supra, 285 U.S. at 63–64, 52 S.Ct. 285, 76 L.Ed. 598 (complainant to have opportunity "to plead and prove" absence of "employment"). Taken with the administrative record, treated essentially as depositions would be treated, it affirmatively appeared that the employment relation did exist.

The decedent, a skin-diver, met his death in the course of performing salvage work on a sunken dredge that plaintiff was trying to raise. Plaintiff was receiving the benefit of the decedent's services expended on the dredge which was, in effect, plaintiff's property. There is no claim or evidence that the decedent was an independent contractor, or that his work was not under plaintiff's general direction. There is no suggestion that decedent was any sort of partner or coadventurer. The sole claim is that his service was rendered gratuitously. The circumstances of the work—regularly performed, at a very considerable distance from decedent's home, during winter weather of extraordinary rigor, for a person— plaintiff—with whom decedent was previously unacquainted, and carried on over a period of six weeks or more with the participation of plaintiff and two men whom plaintiff usually employed in his dock and bulkhead building business —these circumstances are not compatible with the idea that decedent was working for nothing or for the pleasure of the skin diving activity; there was, moreover, circumstantial evidence, presented through Giannattasio and decedent's wife that decedent was receiving money in connection with his regular work on the dredge.

Plaintiff's contrary testimony is intrinsically incredible and is not uncontradicted in the record. Plaintiff's accounting records do not show salary payments to the decedent, but they do show that, contrary to plaintiff's testimony, he was paying his two regular employees during a part at least of the period when the salvage work was going on, that plaintiff was withdrawing enough cash to pay decedent, and that substantial payments were made in January 1961 from sources other than the checking account which plaintiff says was his sole source of funds. That another skin-diver, a city policeman who pursued skin diving as a hobby, worked along with decedent on as many as twelve occasions, does not lend much color of credibility to plaintiff's assertion about decedent's employment. The policeman did not work regularly on the salvage job and as Judge Rosling noted, the policeman had to be concerned about the effect of a second employment on his regular job.

■ Decedent was throughout the salvage work period receiving unemployment compensation payments to which he was not entitled if he was in fact employed by plaintiff. To take the unemployment compensation payments was certainly wrong and no doubt imposed a liability of repayment on decedent. But it does not alter the fact that decedent worked for and was paid by plaintiff, nor prevent the recovery of the present award. The employment was not illegal, although taking and retaining the unemployment compensation may well have been, and nothing akin to an estoppel to

**54**

assert the fact of employment can operate in plaintiff's favor in the circumstances of this case, for plaintiff can hardly have been misled by decedent's action in continuing to take unemployment compensation.

2. It follows *a fortiori* that if Crowell v. Benson were regarded as shorn of authority, the defendant would prevail. Ample evidence supports the award.

Judgment must be for the defendant.